# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: STCV21-02153 |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Jordan Brewer, Plaintiff in the above-styled action, and file this Complaint for Damages and Demand for Jury Trial, showing the Court as follows:

## I. PARTIES, JURISDICTION and VENUE

1. This action is filed out of an abundance of caution and based upon representations made by Samsung Electronics America, Inc. at oral hearing in the case *Jordan Brewer v. Samsung Electronics America, Inc.*, State Court of Chatham County, Georgia, Case No. STCV20-02285, regarding the designer/manufacturer of the batteries causing Plaintiff's injuries. A copy of the transcript of the hearing is attached hereto as Exhibit A and incorporated herein by reference. Samsung Electronics America, Inc. ("SEA") has admitted that it was the manufacturer of the batteries and that it caused Plaintiff's injuries. SEA now says that Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. are wholly or partially responsible for Plaintiff's injuries. Because of the

statute of limitation, Plaintiff files this claim out of an abundance of caution. This Complaint has no effect on the admissions made by SEA nor on the judgment entered against it. Each and every allegation made in this Complaint is made subject to this Paragraph.

## II. PARTIES, JURISDICTION and VENUE

2. Plaintiff re-alleges and incorporates by reference paragraph 1 of the Complaint as if fully alleged herein.

3. Plaintiff is a citizen and resident of Effingham County, Georgia.

4. According to representations made by SEA, Defendant Samsung SDI Co., Ltd., is, and at all relevant times mentioned herein was, a Korean corporation engaged in the business of designing, manufacturing, advertising, assembling, distributing, and selling e-cigarette products including, but not limited to, lithium-ion batteries, including but not limited to the 18650 lithium-ion battery cells at issue, and maintains a principal place of business in South Korea located at 150-20 Gongse-ro Giheung-gu Yougin, South Korea.

5. This Court has personal jurisdiction over Defendant Samsung SDI Co., Ltd. because Defendant Samsung SDI Co., Ltd. has (1) transacted business within the State of Georgia, (2) committed tortious acts or omissions within the State of Georgia, (3) caused tortious personal injury to Plaintiff in the State of Georgia caused by acts and/or omissions outside the State of Georgia at a time when it regularly transacted and/or solicited business and/or engaged in any other persistent course of conduct in the State of Georgia and/or derived substantial revenue from goods used or consumed or services rendered in the State of Georgia.

6. Defendant Samsung SDI Co., Ltd. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of Georgia including, but not limited to:

   a. According to representations made by SEA, selling and delivering products – including the subject battery(ies) giving rise to this action – to persons, firms, or corporations in the State of Georgia via its distributors, dealers, wholesalers, and brokers. These products were used by consumers in Georgia, such as Plaintiff, in the ordinary course of commerce and trade.

   b. Conducting and engaging in substantial business and other activities in Georgia by selling products to persons, firms, or corporations in this State via its distributors and wholesalers. Such products were used by consumers in Georgia, such as Plaintiff, in the ordinary course of commerce and trade.

   c. Engaging in solicitation activities in the State of Georgia to promote the sale, consumption, use, maintenance, and/or repair of its products; and

   d. Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Georgia users or consumers.

7. Defendant Samsung SDI Co., Ltd. has such sufficient minimum contacts with the State of Georgia that are purposefully directed to the State of Georgia that the filing of this action does not offend traditional notions of fair play and justice.

8. According to representations made by SEA, Defendant Samsung SDI America, Inc. is a corporation formed and existing in the State of California with its principal place of business located in the State of Michigan and is engaged in the business of designing,

manufacturing, advertising, assembling, distributing, and selling e-cigarette products including, but not limited to, batteries. Defendant Samsung SDI America, Inc. maintains a registered agent for service of process in the State of California, CT Corporation System, 330 N. Brand Blvd., Ste. 700, Glendale, California 91203.

9. This Court has personal jurisdiction over Defendant Samsung SDI America, Inc. because Defendant Samsung SDI America, Inc. has (1) transacted business within the State of Georgia, (2) committed tortious acts or omissions within the State of Georgia, (3) caused tortious personal injury to Plaintiff in the State of Georgia caused by acts and/or omissions outside the State of Georgia at a time when it regularly transacted and/or solicited business and/or engaged in any other persistent course of conduct in the State of Georgia and/or derived substantial revenue from goods used or consumed or services rendered in the State of Georgia.

10. Defendant Samsung SDI America, Inc. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of Georgia including, but not limited to:

   a. According to representations made by SEA, selling and delivering products – including the subject battery(ies) giving rise to this action – to persons, firms, or corporations in the State of Georgia via its distributors, dealers, wholesalers, and brokers. These products were used by consumers in Georgia, such as Plaintiff, in the ordinary course of commerce and trade.

   b. Conducting and engaging in substantial business and other activities in Georgia by selling products to persons, firms, or corporations in this State via its distributors

RECEIVED FOR FILING IN CLERK'S COURT SUPERIOR COURT CHATHAM CO. 11/15/2021 1:21 PM
Brian N. Hart - Clerk of Court

and wholesalers. Such products were used by consumers in Georgia, such as Plaintiff, in the ordinary course of commerce and trade.

c.  Engaging in solicitation activities in the State of Georgia to promote the sale, consumption, use, maintenance, and/or repair of its products; and

d.  Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Georgia users or consumers.

11. Defendant Samsung SDI America, Inc. has such sufficient minimum contacts with the State of Georgia that are purposefully directed to the State of Georgia that the filing of this action does not offend traditional notions of fair play and justice.

12. Defendant SEV Berwick Store, LLC is a Georgia limited liability company doing business as Southeast Vapes and E-Cigs (hereinafter "SEV Berwick") with its principal office located at 3320 Barkla Avenue, Mount Pleasant, South Carolina 29466. Defendant SEV Berwick operates a retail location doing business under the name Southeast Vapes and E-Cigs at 50 Berwick Boulevard, Savannah, Georgia 31419. Defendant SEV Berwick may be served with process through its registered agent for service of process, Rodney Bryant, 528 Martin Luther King, Jr. Boulevard, #1, Savannah, Georgia 31401.

13. Defendant SEV Berwick is, or at the times relevant to the matters set forth herein was, in the business of supplying, selling, importing, distributing, and/or assembling electronic cigarette (hereinafter "e-cigarette" or "e-cig") vaporizers and component parts used by consumers in Georgia, including Plaintiff, to inhale nicotine-infused vapor.

14. Defendant SEV Berwick is subject to the jurisdiction of this Court because it is a Georgia-registered limited liability company that conducts business within the confines of Chatham

County, including selling the products purchased by Plaintiff and giving rise to the injuries complained of in this action.

15. Defendant Hohm Tech, Inc. is a corporation formed and existing in the State of California with its principal office located in the State of California. Hohm Tech does not maintain a registered agent for service of process in the State of Georgia but may be served with process through its registered agent for service of process in the State of California, Benjamin Ramalho, 13921 Sycamore Way, Chino, California 91710.

16. Defendant Hohm Tech, Inc. is, or at the times relevant to the matters set forth herein was, engaged in the business of manufacturing, marketing, promoting, supplying, selling, importing, and/or distributing lithium-ion battery cells, including but not limited to the "Hohm Life 18650 3015mAh 20.7A or 3077mAh 31.5A" lithium-ion battery ("subject battery") that forms the basis of this lawsuit.

17. This Court has personal jurisdiction over Defendant Hohm Tech, Inc. because Defendant Hohm Tech, Inc. has (1) transacted business within the State of Georgia, (2) committed tortious acts or omissions within the State of Georgia, (3) caused tortious personal injury to Plaintiff in the State of Georgia caused by acts and/or omissions outside the State of Georgia at a time when it regularly transacted and/or solicited business and/or engaged in any other persistent course of conduct in the State of Georgia and/or derived substantial revenue from goods used or consumed or services rendered in the State of Georgia.

18. Defendant Hohm Tech, Inc. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of Georgia including, but not limited to:

a. Selling and delivering products – including the subject battery(ies) and "wrapping" giving rise to this action – to persons, firms, or corporations in the State of Georgia via its distributors, dealers, wholesalers, and brokers. These products were used by consumers in Georgia, such as Plaintiff, in the ordinary course of commerce and trade.

b. Conducting and engaging in substantial business and other activities in Georgia by selling products to persons, firms, or corporations in this State via its distributors and wholesalers. Such products were used by consumers in Georgia, such as Plaintiff, in the ordinary course of commerce and trade.

c. Engaging in solicitation activities in the State of Georgia to promote the sale, consumption, use, maintenance, and/or repair of its products; and

d. Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Georgia users or consumers.

19. Defendant Hohm Tech, Inc. has such sufficient minimum contacts with the State of Georgia that are purposefully directed to the State of Georgia that the filing of this action does not offend traditional notions of fair play and justice.

20. Defendants John Does (A-Z) and ABC Inc. (1-100) are the presently unknown entities and individuals that manufactured, designed, marketed, advertised, distributed, imported, exported, sold, and/or supplied e-cigarette components including but not limited to the 18650 lithium-ion battery cells, the subject battery, the Aegis Mini or other AEGIS starter kit and/or component parts of the e-cigarette vaporizer involved in Plaintiff's injuries. John

RECEIVED FOR FILING IN CLERK'S OFFICE CHATHAM CO. 11/22/2021 1:21 PM    Brian K. Hart - Clerk of Court

Does (A-Z) and ABC Inc. (1-100) may be sister, parent, and/or subsidiary entities or agents of the other Defendants.

21. Venus is proper in this Court because a substantial part of the events giving rise to the claims asserted herein occurred within the confines of Chatham County, Georgia, and Defendant SEV Berwick is a resident of this venue.

22. Jurisdiction and venue are proper in this Court.

23. This filing is timely under the provisions of the March 14, 2020, Order Declaring Statewide Judicial Emergency issued by the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, tolling the statute of limitation applicable to this case. A Certificate of Timeliness is attached hereto as Exhibit B.

## II. BACKGROUND AND FACTUAL ALLEGATIONS

24. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 23 as if fully alleged herein.

25. E-cigarettes or "vapes" are battery-operated devices that deliver nicotine through flavored liquids and other chemicals to users in the form of vapor instead of traditional tobacco smoke.

26. A growing market of specialty stores have arisen throughout the United States that engage in selling e-cigarettes and their components to consumers, including Defendant SEV Berwick's establishment, Southeast Vapes and E-Cigs.

27. At all times relevant, Plaintiff was a customer of SEV Berwick, located at 50 Berwick Boulevard, Savannah, Georgia 31419.

28. In January of 2019, Plaintiff entered the SEV Berwick retail store to purchase a vaping device and accessories.

8

29. While Plaintiff was at SEV Berwick, agents or employees of SEV Berwick offered several e-cigarette vaping device options to Plaintiff, including an AEGIS Geekvape "starter kit."

30. Upon information and belief, the "starter kit" was a combination of components, including the subject battery(ies) intended to power the device, an AEGIS Mini vaping device, a "box modification," a larger "tank" for the vaping liquid, and a battery recharging device.

31. The e-cigarette vaping device sold to Plaintiff would not operate without two lithium-ion batteries.

32. The subject battery(ies) were designed, manufactured, distributed, sold, and/or otherwise put into the stream of commerce by Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. according to representations made by Samsung Electronics America, Inc. ("SEA").

33. The subject battery(ies) were then "re-wrapped" by Defendant Hohm Tech and further distributed, sold and/or otherwise put into the stream of commerce by Defendant Hohm Tech.

34. The subject battery(ies) were wrapped in a black and gold wrapping bearing the Hohm Tech logo and marks indicating the product name: Hohm Life.

35. Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. are aware of and/or facilitate the "re-wrapping" of batteries designed and manufactured by either or both of them by Defendant Hohm Tech and others.

36. After Plaintiff purchased the device and/or the starter kit, agents or employees of SEV Berwick opened the packaging and assembled the vaping device with the contents of the start kit, including the two subject batteries.

37. After assembling the device for Plaintiff, agents and/or employees of SEV Berwick instructed Plaintiff on how to fill the device's "tank" with flavored nicotine "juice," how to activate the device's inner coil or "atomizer" to heat the nicotine "juice," and how to inhale the vaporized "juice" using the device.

38. The agents and/or employees of Defendant SEV Berwick did not give Plaintiff any instructions or warnings regarding proper maintenance, use, or storage of the subject batteries.

39. Defendant Hohm Tech did not provide Plaintiff with any instructions or warnings regarding proper maintenance, use, or storage of the batteries.

40. Defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. did not provide Plaintiff with any instructions or warnings regarding proper maintenance, use, or storage of the batteries.

41. Plaintiff departed from the store with the e-cigarette device and components as assembled by SEV Berwick personnel.

42. Thereafter, Plaintiff used and operated the e-cigarette device in conformity with the instructions provided to him by Defendant SEV Berwick's agents and/or employees at the time of purchase.

43. On July 17, 2019, Plaintiff was preparing for work at his home located at 330 Katama Way, Pooler, Chatham County, Georgia 31322.

44. On that day, the subject e-cigarette device and component parts were in substantially the same condition as when purchased from Defendant SEV Berwick.

45. As Plaintiff was leaving for work, he placed the e-cigarette device, with the subject batteries installed, in his pants pocket with no other items inside the pocket.

RECEIVED FOR FILING, 11-21-21, CLERK SUPERIOR CO., CHATHAM CO., PM    Brian K. Hart -Clerk of Court

46. Within moments of placing the e-cigarette device in his pants pocket, there was a sudden fire/explosion that originated from one of the subject batteries.

47. The fire/explosion caused severe burns to Plaintiff's left hip and leg.

48. While the subject battery was expelling heat and flames inside his pocket, Plaintiff attempted to remove the e-cigarette device from his pants with his hands and was burned.

49. As a result of the fire/explosion, Plaintiff suffered severe burns and resulting scarring to his body.

50. As a result of the fire/explosion, Plaintiff was required to undergo extensive and painful medical treatment and incurred medical bills as a result thereof.

51. Plaintiff's injuries caused him to miss time from work and incur lost wages.

52. Plaintiff suffered and continues to suffer physical and mental pain and suffering due to the injuries he suffered and the events causing his injuries.

53. The subject battery(ies) were marketed as safe products, suitable for ordinary use including in combination with the vaping devices described herein when, in fact, the risks of the product's design outweighed its utility, and was unreasonably dangerous and posed a serious burn hazard to users with no adequate warning of their dangers to cause a fire and/or explosion.

54. As a direct and proximate result of Defendants' negligent design and/or manufacturing of the subject batteries, and/or Defendants' sale and/or placing of the subject batteries into the stream of commerce, failure to warn of the subject batteries' dangers, and other negligent acts and omissions regarding and involving the subject batteries, Plaintiff suffered severe and painful burns to his hip, leg, and hands that were foreseeable during proper and ordinary use.

55. Plaintiff herein seeks recovery for all general and special damages, past and future, allowed under Georgia law.

56. At all times relevant, Plaintiff exercised ordinary care and diligence in his use of the products at issue. Plaintiff neither did nor failed to do anything that caused or contributed to the above-referenced incident or his injuries and damages.

### III. CAUSES OF ACTION

### COUNT 1 – STRICT LIABILITY AGAINST DEFENDANTS SAMSUNG SDI CO., LTD., SAMSUNG SDI AMERICA, INC., JOHN DOES A-Z AND ABC INC. 1-100

57. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 56 as if fully alleged herein.

58. Based upon representations made by SEA, Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. designed and manufactured the subject batteries involved in Plaintiff's injuries. John Does A-Z and ABC Inc 1-100 may have also been involved in such design and manufacturing.

59. At all times relevant and based upon representations made by SEA, Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100 is and was engaged in the business of designing, manufacturing, distributing, and/or selling lithium-ion batteries for use and consumption by consumers in the State of Georgia, including Plaintiff.

60. The subject batteries were defective in their design and manufacture because they were prone to cell failure during ordinary use without adequate safety features to prevent the battery cell from rupturing and expelling heat and battery contents.

61. The subject batteries were defective due to their inadequate warnings or instructions which, among other things, failed to warn Plaintiff that, during ordinary use, the cells could short or otherwise fail, causing the cell to rupture and discharge their contents.

62. Because of these defects, the subject batteries were unreasonably dangerous to a person who might reasonably be expected to use or be affected by the products.

63. The subject batteries were defective at the time they were sold by Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. or at the time they left Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc.'s control.

64. The subject batteries were expected to reach the consumer/user without substantial changes to the condition in which they were sold by Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100.

65. The subject batteries did reach the user, in this case Plaintiff, without substantial change in the condition in which they were originally sold by Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100.

66. Plaintiff was a person who would be reasonably expected to use or be affected by the subject batteries.

67. Plaintiff could not, by the exercise of reasonable care, have discovered the risks herein mentioned, nor perceived their danger.

68. The subject batteries were defective due to inadequate post-marketing warnings or instructions because Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100 knew or should have known

of the risk of serious bodily harm from the use of the subject batteries, yet Defendants still failed to provide an adequate warning to consumers.

69. Had Plaintiff received adequate warnings regarding the risks and dangers associated with the use of the subject batteries, he would not have used them.

70. Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100 knew or should have known that the subject batteries would be used without inspection by Plaintiff and that the subject batteries would create a foreseeable risk of harm to users, including Plaintiff, which outweighed the utility or benefit of the product as designed. As a direct and proximate result of the defects in the subject batteries, Plaintiff suffered severe injuries and damages, medical expenses, mental and physical pain and suffering, past and future, and disfigurement.

71. Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100 are strictly liable to Plaintiff for their defective products and their failure to warn Plaintiff of the dangers posed by their products.

72. Plaintiff is entitled to recover from Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100 all special and general damages arising from the defective product and the injuries caused by them.

**COUNT 2 – NEGLIGENCE AGAINST SAMSUNG SDI CO., LTD., SAMSUNG SDI AMERICA, INC., JOHN DOES A-Z AND ABC INC. 1-100**

73. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 72 as if fully alleged herein.

74. Based upon statements and representations made by SEA, Defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. owed a duty to Plaintiff and others to exercise reasonable care in the design, manufacture, and distribution of their products into the

RECEIVED FOR FILING CLERK OF SUPERIOR COURT CHATHAM CO. 12/16/2021 1:44 PM

stream of commerce, including a duty to assure that their products did not pose significantly increased risks of bodily injury or harm. To the extent that John Does A-Z and/or ABC Inc. 1-100 were involved in the design, manufacture, and/or distribution of the subject batteries, they would owe the same duties.

75. Defendants Defendant Samsung SDI Co., Ltd., Samsung SDI America, Inc., John Does A-Z and/or ABC Inc. 1-100 failed to exercise ordinary care in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, promotion, and distribution of the subject batteries into interstate commerce in that they knew or should have known that the product, specifically the batteries at issue, created an unreasonable risk of significant bodily harm and was not safe for use by consumers.

76. Even though Defendants knew or should have known that the subject batteries posed an unreasonable risk of bodily harm, Defendant Samsung SDI Co., Ltd., Defendant Samsung SDI America, Inc., John Does A-Z and/or ABC Inc. 1-100 continued to manufacture, market, and sell the subject batteries to both consumers and re-sellers, including Defendants Hohm Tech and SEV Berwick, when there were safer alternative methods for providing battery power in applications in consumer products.

77. Specifically, the subject batteries were designed in such a way that that they were (1) prone to fail without warning and without proper safety features to prevent a thermal even within the cell that could cause the cell to rupture and expel heat and the cell's contents on the user and surrounding objects or property, and (2) did not contain or bear adequate warnings of the risk of the same to a user during ordinary use.

78. Defendant Samsung SDI Co., Ltd., Defendant Samsung SDI America, Inc., John Does A-Z and/or ABC Inc. 1-100 had a duty to warn consumers, including Plaintiff, of the dangers associated with the subject batteries and failed to provide such warning.

79. As a direct and proximate result of the negligence of Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc. 1-100, Plaintiff suffered serious injuries, which are ongoing, permanent in nature, and disfiguring and accompanied by physical and mental pain and suffering, past and future, medical expenses, lost wages.

80. Defendant Samsung SDI Co., Ltd. and/or Defendant Samsung SDI America, Inc. and/or John Does A-Z and/or ABC Inc 1-100's negligence in distributing, selling, and/or otherwise putting into the stream of commerce the subject batteries without providing adequate warning and instruction regarding their proper use and the dangers posed thereby is so egregious that it rises to the level of reckless disregard for the safety and well-being of the consumer public and constitutes willful and wanton conduct as defined by O.C.G.A. § 51-12-5.1 because Defendants knew of the risks to life and limb described herein when the subject batteries left their control. Such conduct warrants the imposition of punitive damages.

## COUNT 3 – NEGLIGENCE AGAINST DEFENDANT SEV BERWICK, LLC

81. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 80 as if fully alleged herein.

82. Defendant SEV Berwick, including its agents and/or employees, as a seller of the subject batteries and assembler of the e-cigarette vaping device at issue, had either actual knowledge or constructive knowledge of the latent defects within the subject battery.

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. 12/3/2021 1:21 PM ___ Clerk of Court

83. By opening, assembling, advising Plaintiff on the selection of component parts of, and selling the e-cigarette vaping device and component parts, including the subject batteries, to Plaintiff, Defendant SEV Berwick had a duty to inspect and discover the defect posed by the subject batteries and warn consumers of the hazards and defects know or discoverable by an ordinary, prudent retailer.

84. Defendant SEV Berwick knew or should have known that the subject batteries would be used in their defective state and that Plaintiff could not, through reasonable inspection, discover the defects presented herein nor perceive the danger such defects posed.

85. Defendant SEV Berwick was under a duty to properly and adequately assemble, test, distribute, market, promote, advertise, supply and/or settle the subject batteries, and the e-cigarette vaping device "starter kit" as a whole, in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary care and circumstances, would come into contact with it, including Plaintiff.

86. Defendant SEV Berwick had both the ability and duty to inspect and/or test the subject batteries and the e-cigarette vaping device "starter kit" before selling it to Plaintiff to assess for any defects in the batteries and/or the system as a whole.

87. At the time of the subject incident, the subject batteries were in substantially the same condition as when sold and distributed by Defendant SEV Berwick to Plaintiff and were unreasonably dangerous to foreseeable users, including Plaintiff.

88. Defendant SEV Berwick sold the subject batteries to Plaintiff in a defective condition despite its duty to inspect and warn Plaintiff of the same.

89. Defendant SEV Berwick's failure to inspect, test, and warn of the defects in the batteries and the e-cigarette vaping device "starter kit" as a whole constitutes a breach of the duties it owed to Plaintiff.

90. As a direct and proximate result of Defendant SEV Berwick's negligent acts and/or omissions, Plaintiff suffered serious and permanent bodily injuries resulting in physical and mental pain and suffering, past and future, physical disfigurement and impairment, medical expenses, and lost wages.

## COUNT 4 – NEGLIGENCE AGAINST HOHM TECH, INC.

91. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 90 as if fully alleged herein.

92. Defendant Hohm Tech had a duty to exercise reasonable care in the packaging, design, and distribution of the products it placed into the stream of commerce, including a duty to assure that its products did not pose a significantly increased risk of bodily harm.

93. Defendant Hohm Tech failed to exercise ordinary care in the design, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, promotion, and distribution of its product, specifically the subject batteries, into interstate commerce in that it knew or should have known that the subject batteries posed significant risks of bodily harm and was not safe for use by consumers.

94. Even though Defendant Hohm Tech knew or should have known that the subject batteries posed an unreasonable risk of bodily harm, it continued to market, distribute, and sell the subject batteries with the knowledge that they would be used by consumers, including Plaintiff, when there were safer alternative methods for providing battery power in applications such as the e-cigarette vaping device at issue.

18

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. 12/3/2021 1-24 PM *Clerk of Court*

95. Specifically, the subject batteries were marketed, distributed, and sold by Defendant Hohm Tech as being suitable for and intended for use in e-cigarette vaping devices even though such batteries (1) were prone to fail without proper safety features to prevent a thermal event within the cell that could cause the cell to rupture and expel heat and the cell's contents; (2) utilized a battery wrapping design that did not prevent contact with the terminal poles of the cell to prevent a short or cell failure; and (3) did not contain or bear adequate warnings of the risk of the same to a user during ordinary and expected use.

96. Defendant Hohm Tech had a duty to warn consumers, including Plaintiff, of the dangers associated with the subject batteries and failed to provide such warnings.

97. As a direct and proximate result of Defendant Hohm Tech's negligent acts and/or omissions, Plaintiff suffered serious and permanent bodily injuries resulting in physical and mental pain and suffering, past and future, physical disfigurement and impairment, medical expenses, and lost wages.

## COUNT 5 – BREACH OF IMPLIED WARRANTIES BY DEFENDANTS SEV BERWICK HOHM TECH

98. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 97 as if fully alleged herein.

99. Defendants SEV Berwick and Hohm Tech specifically marketed, distributed, packaged, and sold the subject batteries as being suitable, intended, and safe for use in e-cigarette vaping devices like the one involved in Plaintiff's injury.

100.    Both Defendant SEV Berwick and Hohm Tech are merchants with respect to goods of that kind, specifically batteries to be used in e-cigarette vaping applications.

101.     The subject batteries were sold to Plaintiff by Defendants SEV Berwick and Hohm Tech carrying the implied warranty that they were merchantable.

102.     Defendants SEV Berwick and Hohm Tech breached the implied warranty of merchantability by selling to Plaintiff the subject batteries which would not pass without objection in the trade, were not fit for the ordinary purposes for which such goods are used, were not adequately contained, packaged, and labeled, and failed to conform to the promises or affirmations of fact made on their packaging.

103.     At the time of the sale of the subject batteries, Defendants SEV Berwick and Hohm Tech knew of the particular purpose for which Plaintiff intended to use the subject batteries, having marketed, sold, and distributed the same as products suitable and recommended for such use, and knew that Plaintiff was relying upon their skill and judgment to select or furnish suitable goods for such purposes.

104.     The subject batteries were not, due to their defects, suitable for use for the particular purpose for which Plaintiff purchased them, to wit, to provide battery power for an e-cigarette vaping device, and Defendants SEV Berwick and Hohm Tech have thus breached the implied warranty provided to Plaintiff that the subject batteries were fit for such particular purpose.

## COUNT 6 – INJURIES AND DAMAGES

105.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 104 as if fully alleged herein.

106.     As a direct result of the acts and/or omissions of Defendants as stated herein, Plaintiff has and will continue to suffer physical and mental anguish, physical disability, and physical defects.

107.     As a direct result of the acts and/or omissions of Defendants as stated herein, Plaintiff has incurred special damages in the form of medical bills and lost wages.

108.     Plaintiff is entitled to recover from Defendants all general damages, past and future, and all special damages which were directly and proximately caused by Defendants' respective negligent acts and/or omissions.

109.     The actions of the Defendants evidence willful misconduct, malice, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to the consequences of their actions. Accordingly, pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined by the jury as sufficient to punish, penalize, and deter Defendants from future similar misconduct.

WHEREFORE, Plaintiff respectfully requests:

a)  That summons and process issue and be served upon Defendants as provided by law;

b)  For a trial by a jury comprised of twelve (12) persons;

c)  For judgment in favor of Plaintiff and against Defendants;

d)  That Plaintiff be awarded special damages in an amount to be proved at trial;

e)  That Plaintiff be awarded general damages, past and future, in an amount equal to the enlightened conscience of a fair and impartial jury;

f)  That Plaintiff be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 in an amount sufficient to punish Defendants and deter them from future similar conduct; and

g)  Such other and further relief as the Court deems just and proper.

THIS 15th day of November, 2021.

OLIVER MANER LLP

/s/ *William J. Hunter*

WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

*Brian K. Hart* - Clerk of Court

# EXHIBIT "A"

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JORDAN BREWER, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) STCV20-02285 |
| | ) |
| | ) |
| SAMSUNG ELECTRIC AMERICA, INC, | ) |
| Defendant | ) |

---

Transcript of proceedings heard during the MOTION HEARING in the above-styled case at the Chatham County Courthouse, Savannah, Georgia, on the 27th day of September, 2021, before the Honorable Elizabeth Coolidge, Judge, State Court, Chatham County, State of Georgia.

---

Appearances:

For the Plaintiff:  Michael B. Terry
William J. Hunter
I. Gregory Hodges
George T. Major, Jr.
Attorneys at Law

For the Defendants:  Quentin L. Marlin
Robert C. Hughes, III
James Russell Doyle, III
Attorneys at Law

1              THE COURT:  Good morning.  We are here on Brewer

2        versus Samsung Electronics America, Incorporated.  Can we

3        representations for the benefit of the court reporter, please.

4              MR. TERRY:  Michael Terry.

5              MR. HUNTER:  Bill Hunter.

6              MR. MAJOR:  George Major.

7              THE COURT REPORTER:  Okay.  Wait a minute, slow down.

8        Sorry.

9              MR. HODGES:  Greg Hodges.

10             THE COURT:  One second, we've got to slow down a little.

11             THE COURT REPORTER:  Sir, at the back table, on my left.

12       Yes, sir.

13             MR. MAJOR:  George Major.

14             THE COURT REPORTER:  George Major?

15             MR. MAJOR:  Yes, ma'am.

16             THE COURT REPORTER:  Thank you.

17             MR. HODGES:  Greg Hodges.

18             MR. MARLIN:  On behalf of Samsung Electronics America,

19       Inc., I'm Quentin Marlin.

20             MR. HUGHES:  I'm Robert Hughes, on behalf of Samsung

21       Electronics, Inc.

22             MR. DOYLE:  Good morning.  James Doyle, also on behalf

23       of Samsung Electronics America, Inc.

24             THE COURT REPORTER:  Thank you, Judge.

25             THE COURT:  Thank you.  All right.  We've got a bunch of

1    stuff going on today.  So I think that we're going to be
2    together for a while.
3          So this stems from a burn that was incurred by Mr.
4    Brewer, after a battery exploded in his pocket.  This was when
5    it was -- the case was still in front of Judge Fowler.
6          Samsung was sued, and a formal response was provided.
7    A default was entered. The damages hearing was conducted.
8    An order -- a judgment was entered.
9          Then Samsung is now asking that that default be set
10   aside and that we kind of start over.  All right.
11         Who's going to be arguing?
12         MR. MARLIN:  Your Honor, myself and Mr. Hughes will be
13   arguing, and we may have him, if need be.
14         THE COURT:  Okay.
15         MR. TERRY:  Your Honor, Michael Terry.  I'll be arguing
16   for the plaintiff, unless I need help.
17         THE COURT:  Okay.  All right.  Mr. Marlon.
18         MR. MARLIN:  Thank you, Your Honor.
19         THE COURT:  If you-all don't mind, I'm going to -- would
20   you like this livestreamed, or would you prefer not to be?
21         MR. MARLIN:  I don't care, we don't need it livestreamed.
22         THE COURT:  Okay.  You-all's mics, just so you know --
23   you-all's mics are live.  So if you want to discuss, just push the
24   green buttons; it will go off.
25         MR. MARLIN:  Good morning.  First of all I'd just thank the

1    Court for, one, allowing us to have this hearing in person.  It's

2    a serious matter, that Samsung Electronics America, Inc. --

3    which I'll refer to as SEA throughout the morning -- takes very

4    seriously, and we appreciate the Court giving us this time.

5           Before the Court is SEA's motion to set aside default

6    judgment, or in the alternative, a motion for a new trial.  The

7    motion to set aside judgment, in the same term of court, what

8    it is not is also important.

9           What it is not is a motion to set aside the judgment

10    pursuant to OCGA 9-11-60(d).  It is not a motion to move for

11    default pursuant to 9-11-55(b).  And it's not a motion based

12    upon case law that predates the adoption of the Georgia Civil

13    Practice Act.

14           Despite plaintiff's repeated referrals to the burden of

15    proof for 9-11-60(d) 9-11-55(b), and pre the adoption of

16    the Civil Practice Act case law, that law has nothing to do with

17    the motion before the Court today.

18    (Information was displayed on the projector at this time.)

19           I want the Court to kind of look at this as a baseball

20    diamond.  We're here at bat.  Here's first base, second base,

21    third, and home plate.

22           Second base is a motion to open default.  Third base, a

23    motion for dismiss or judgment on the pleadings, at some

24    point, for this being the wrong party.  Home plate, we hope is

25    trotting into home base with a dismissal.

1      Here's first base.  Setting aside the default judgment

2    against the wrong party.  That's where we are today, and this

3    image shows we are singularly focused on this.

4      SEA is running through first.  We're not turning toward

5    second base today.  We're going to put our foot on first, and

6    we're going to stay there.  That's what we're here for today, to

7    be safe.

8      In baseball, running through first, the batter can hit first

9    base, keep going, or just stay at first without looking toward

10   second and they're safe.  That's where we're here today.

11     We're asking to set aside a nearly eleven-million-dollar

12   default judgment against the wrong party.  Nothing more is

13   being requested in the present motion.

14     SEA fully intends to go for second base, third base, and

15   then all the way to home plate.  But not today.  At that point,

16   we'll have final briefs on there.  We'll put forth evidence to

17   meet those burdens.  Those are different burdens, different

18   standards, not the standard here today.  Again, we're running

19   through first.

20     A little background, and I know the Court is familiar.  So

21   I'll be brief.  But we're here on an allegation of an explosion of

22   a lithium, 18650 lithium ion battery, used in baking devices.

23     No matter what else is said today, that doesn't change

24   what Samsung Electronic America does.  They market,

25   distribute consumer electronics, mobile phones, televisions,

1    home appliances.  They do not manufacture, design, market,
2    distribute, sell, have any involvement with 18650 lithium ion
3    batteries.
4        No matter what's in plaintiff's complaint, does not
5    change the facts.  We live in the real world, not technicalities
6    or procedural gamesmanship.
7        As I'll show a little later, Samsung, SDI Co. Limited --
8    which I will refer to as SDI -- is the manufacturer of the 18650
9    lithium ion batteries.
10       So what are we here for today?  One question before this
11   Court:  Should a nearly eleven-million-dollar judgment,
12   plaintiff obtained on October 12, 2020, which is nearly
13   seventy-five times the medicals they presented, be set aside?
14       We believe that there's meritorious reason to do so.  One,
15   this being the wrong party; and, two, the excessiveness of the
16   judgment.  There are other reasons as well, but those are the
17   two reasons we're planning to focus on here today.
18       Quick timeline here on what we have.  We know that this
19   judgment was set -- was obtained in what might be record
20   pace for an eleven-million-dollar judgment.  Less than three
21   months from the filing of the complaint.  Less than two months
22   from the date the answer was due.  10.8 million dollar
23   judgment was entered, with two witnesses --lay witnesses --
24   testifying.
25       Several calls were made, according to the affidavit of

6

1    Michael Sharples, who is not a lawyer.  He's an inhouse

2    paralegal in an office in New Jersey.  He called down to

3    plaintiff's counsel on three separate occasions, to try to let

4    them know they'd sued the wrong party.

5         Importantly, the last one of those calls was September

6    10th at 11 a.m.  Later that day, plaintiffs moved to drop some

7    of the parties, the two non-SEA. defendants and also filed a

8    motion for default judgment.

9         Now, let's take us over to just a few days later, on

10   September 16, 2020.  It's undisputed that Mr. Sharples and

11   plaintiffs counsel spoke on the phone that day.  It's also

12   undisputed that Mr. Sharples did inform plaintiff's counsel that

13   SEA was not the correct party.

14        While between the affidavits there might be some dispute

15   on other content in that discussion, that point is not disputed.

16   It's never been disputed.

17        Later that same day, following that phone call, the order

18   of default was entered.  No notice provided to SEA.

19        Three weeks later there was a damages hearing.  No

20   notice was provided to SEA.

21        While we're not arguing statutory requirement of that

22   notice, we would argue that in the spirit of civility, a party

23   would allow -- contact them, when they're already in contact

24   with them.  Especially after being informed they sued the

25   wrong party.

1       Lastly, October 12th, 2020, the default judgment against
2   SEA is entered.
3       This is the background on that, that we just ran through.
4   There's a phone call, a voicemail July 22nd by Mr. Sharples to
5   plaintiff's counsel, another August 10th.  Both of those before
6   default.
7       The third voicesmail, September 10.  And utimately a
8   conversation on September 16.  Notification of the wrong
9   party.
10       Plaintiff had twenty-three days prior to the damages
11   hearing to confirm who the proper party was.  Plaintiff did not
12   notify SEA, despite having contact information, of the default
13   entry or the damages hearing.
14       Seemingly -- because there's no transcript -- plaintiff
15   did not inform the Court that they had reason to believe that
16   they sued the wrong party.  They then presented live witnesses
17   and presented documentary evidence.
18       So I'm going to talk quickly about the applicable
19   standard here before the Court.  I touched on it in my opening.
20
21       Georgia policy disfavors default judgment, period.  It's
22   overwhelming.  (Indiscernible) Georgia, "Default judgment is a
23   drastic sanction.  It should be invoked only in extreme
24   situations."  Whitley v. Bank South, "Whenever possible, cases
25   should be decided on their merit, for default judgment is not

8

1    favored in the law."

2         This Court has the inherent authority to set aside this

3    judgment, to make things right, to promote justice.

4         Pope v Pope, Georgia Supreme Court, 2003 case, "During

5    the same term when the judgment is entered, this trial court

6    has plenary control over it, and the discretion to set aside the

7    judgment for any irregularity or because it was improvidently

8    or inadvertently entered," and -- a very important and -- "for

9    the purpose of promoting justice."

10        This Court is to use its sound discretion in making that

11   determination.  So when can a court do this?  For any

12   meritorious reason.  That is the standard here before the

13   Court this morning.

14        How do we determine meritorious reason?  Your Honor,

15   you get to determine the meritorious reason.  In your good

16   conscience and your study of the facts before, you determine

17   what the meritorious reason is.

18        We believe there are two solid, very clear meritorious

19   reasons:  wrong party and the excessiveness of the judgment.

20        Despite what -- which I've read in plaintiff's briefs, I don't

21   know what they'll argue today -- but there's no legal criteria,

22   statutory criteria required for you to find a meritorious reason

23   on this motion.

24        The courts have said it explicitly (indiscernible) "trial

25   court need find that a movant has met any statutory criteria, in

9

1    order to set aside a judgment at issue."  And that is a case
2    where the motion to set aside default during the same term of
3    court.
4          Plaintiff's cases should be rejected.  They apply
5    inapplicable default statutes:  9-11-60(d) 9-11-55(b) and
6    also cite to pre-Civil Practice Act cases and early antiquated
7    cases.
8          The trial court should have the opportunity to correct
9    decisions.  And that's why you have this broad inherent power.
10   It is not limited to -- in Lemcon another Georgia Supreme
11   Court case, 2017, "it is not limited to grounds such as under
12   9-11-60(d)."  This could not be more clear.  The Georgia
13   Supreme Court, just a few years ago, told us so.
14         And if you make the decision to set this judgment aside,
15   because you find a meritorious reason, your decision to do so
16   will not be disturbed, unless manifestly abused.
17         I see no situation in which an appellate court would find
18   that setting aside a default judgment against the wrong party
19   is manifest abuse.
20         So our argument is simple:  SEA is the wrong party.
21         Let's review and talk about excessive judgment later.  But
22   that is the meritorious reason.  It has not been disputed.
23         SEA has nothing to do with the matters at issue.  In other
24   words, SEA did not cause the injury to the plaintiff.  It will be a
25   windfall and wrong for SEA to be on the hook for eleven

10

1   million dollars, when they in no way caused the injury.

2   This issue is default judgment against the wrong party,

3   and procedure matters. Plaintiff had knowledge and

4   opportunity to determine who the correct party was. Twenty-

5   seven days went by, before the judgment. Twenty-three days

6   before the damages hearing. Knowledge and opportunity.

7   I want to show you a few Google searches here. And if

8   the Court agrees that they had the knowledge and

9   opportunity, Your Honor, it's a knock out.

10  What Samsung entity manufactured 18650 batteries?

11  Defendant Samsung SDI Co. Limited.

12  I Googled "Samsung Electronic America," the party that

13  the plaintiffs sued. I then put "ion battery" behind it. It tells

14  you right away, "Samsung SDI." No mention of Samsung

15  Electronics America in a search with Samsung Electronics

16  America.

17  I ask the question that maybe I would have had, if I got a

18  phone call and was told I had the wrong party: Does the party

19  I sue manufacture batteries? You have nine results here -- this

20  is the first page -- repeatedly telling you Samsung SDI

21  manufactures batteries, not Samsung Electronics America.

22  Just Google Samsung Electronic America, Inc., the party

23  sued. It tells you there, the company offers televisions, digital

24  cameras, cell phones, storage devices, home appliances,

25  security systems, smart watches, and computer products. No

11

1    mention of batteries of any kind, and more importantly, no
2    mention of the batteries at issue here.
3          Lastly, as we saw in these other searches, Samsung SDI
4    Co. pops up.  Type in "Samsung SDI Co. Limited," see what
5    popped up.
6          People also ask what does the Samsung SDI Co. Limited
7    do.  That's a lawyer's article there, that link.  And it clearly
8    says, "manufacture and distribution of lithium ion
9    rechargeable batteries."
10         Again, plaintiff had both the knowledge and opportunity
11   to comply with this duty, to identify and correct the defendant.
12         The Court should set aside this judgment to discourage
13   procedural gamesmanship.  It should not be awarded in a case
14   like this.
15         The plaintiff had actual notice that SEA was the wrong
16   party, for twenty-three days prior to the damages hearing,
17   took no step to correct it.  And seemingly -- as I highly doubt
18   that Your Honor's predecessor would have knowingly entered
19   a judgment against the wrong party -- did not inform the
20   Court.
21         Instead took affirmative actions to obtain a judgment
22   against a party who had -- could not have been at fault or
23   blame.
24         Though rare, we located a case that ended up in a similar
25   procedural posture as this case:  Charming Shoppes of

1    Delaware Inc. v. Parrish, 1994 court of appeals case.  Plaintiff
2    attempted to distinguish this case on its facts.
3         However, we do not cite Charming Shoppes for its facts.
4    We cited it for its law, and the law is what matters here.  And
5    Your Honor will apply that law to these facts.
6         Charming Shoppes is clear.  Plaintiffs had a duty to
7    investigate and amend, to name the proper corporate entity.
8    As I've just shown, through those Google searches, it does not
9    look as though that investigation occurred, but that duty still
10   exists.
11        And the holding in that case, "plaintiffs should not obtain
12   a default judgment based on inherent failure to investigate
13   fully and the resulting ambiguity created, by naming the
14   wrong defendant."
15        In Charming Shoppes, the trial court did not set aside the
16   judgment.  The court of appeals reversed.  The trial court
17   erred in denying defendant's motion to set aside a default
18   judgment.
19        The bottom line, default judgment could not stand
20   against the wrong party.
21        Recently, our court of appeals has addressed your
22   inherent authority again.  This summer, in July, Utilicom Supply
23   Associates v. Terra Tech, Inc, and we've cited them in our most
24   recent brief, filed Friday, to supplement the record.
25        The facts there, just like Charming Shoppes, just like

13

1   every case, are different.  I'd venture to say it would be pretty

2   difficult to find facts similar to this one, in any appellate

3   decision.

4          The law is still clear.  The court of appeals held clearly

5   that the judgment should be vacated and set aside, pursuant

6   to the Court's discretion.  Then, as I said, just this summer,

7   discussed that discretion, the policy in our state.  Not just a

8   fly-in-the-sky, you know, we hope it happens.  But the policy

9   of our state is that whenever possible, a case should be

10  decided on their merit, for default judgment is not favored in

11  the law.

12         Second, Georgia law gives the trial court the discretion to

13  determine what constitutes a meritorious reason in this

14  context.  That context being a motion to set aside judgment in

15  the same term of court, as we have here.

16         Several cases have been cited by the plaintiffs in their

17  briefs.  We feel that those arguments should be rejected for

18  the following reasons:  No. 1, they ignore basic concepts of

19  fair play and justice.  As I've stated, they rely on decades old

20  cases, including many that were pre-Civil Practice Act, which is

21  what we follow today.

22         Improper attempts to apply the statutory criteria, which

23  I've already shown in prior cases, that I've cited here talking,

24  does not apply to this motion.

25         There's also a duty to notify, once you're in contact.

1    Green v. Green is a case we cited.  It had some good language.
2    It's what we all should live by, "requires attorneys, as officers
3    of the court, to make a good faith effort to ensure that all
4    parties of a controversy have a full, fair opportunity to be
5    heard."
6        In response, plaintiffs have said they have an obligation
7    to their client, period.  I agree they have an obligation to their
8    client, as do we.  But that's not the same as giving someone an
9    opportunity to be heard.  You don't oppose them, once they're
10   able to be heard, but they have an opportunity to be heard,
11   and that didn't occur here.
12       Melcher v. Melcher, is a case that followed Green v.
13   Green.  As we're pointing out, another supreme court case,
14   2002, in Melcher v. Melcher is also setting aside a judgment.
15       There the defendant was in default, did not file an
16   answer.  There the defendant had counsel.  Not a situation
17   here of an in-house paralegal in New Jersey.  Melcher v.
18   Melcher actually had counsel.
19       Prior to the final hearing in that divorce case, the
20   plaintiff's counsel had been in contact with the defense
21   counsel, repeatedly.  They were in negotiations.
22       Plaintiff's counsel scheduled a final hearing without
23   providing notice to the defense counsel.  Plaintiff's counsel
24   appeared.  The defense obviously did not, without notice.
25       The court entered final judgment in favor of plaintiff, and

15

1    the trial court subsequently granted a motion for new trial,

2    setting aside the judgment.

3         That was appealed by the plaintiff.  And on appeal, the

4    Georgia Supreme Court found a few things that I think are

5    important here.  They conclude that the unusual facts of the

6    case demonstrated that Mr. Melcher had good cause for not

7    attending that final hearing that "circumstances would have

8    led a reasonable person to conclude that no final hearing on a

9    divorce action was imminent."

10        Lastly, the trial court was authorized to conclude that

11   defendants demonstrated good cause for not attending the

12   hearing.

13        Here we feel it's reasonable for SEA to believe that

14   plaintiff would not proceed to obtain an eleven-million-dollar

15   judgment, or any judgment at all, against the wrong party,

16   once they were placed on notice, especially given how easy it

17   is to determine who the correct party is.

18        I want to touch on a few cases, a couple cases really.  The

19   main two cases cited by plaintiff.  One is Hurt Building v.

20   Atlanta Trust Co. a 1935 case.  So obviously predates the

21   1966 adoption of the Civil Practice Act.

22        That case dealt with 9-11-60 style standards.  It cites

23   fraud, accident or mistake.  It's not applicable here.  Not for

24   this motion, not for running from first base.

25        In Hurt the party was actually trying to merely put forth a

16

1    defense that they may have had.  SEA is not putting forth a

2    mere defense.  SEA is the wrong party and never should have

3    been in the case in the first place.  It's much more.

4          That being said, Hurt is inapplicable still.  One, because

5    of the standard that applies.  It's pre-Civil Practice Act, and it

6    applies the standard akin to 9-11-60(d) which is not before

7    the Court today.

8          Another part of that argument, I think I want to touch on,

9    one of the arguments before -- cited Hurt and also cited the

10   next case, is that plaintiffs argue SEA cannot present any

11   defenses, cannot present any argument, that any argument

12   SEA had is waived, because "you were in default, so therefore

13   you've admitted everything in our complaint.  There's nothing

14   you can say to set this aside."

15         Well, Your Honor, why do we have so many cases where

16   courts have found reasons to set aside default judgments?

17   Clearly the court is allowed to make considerations.  The court

18   has done so over and over again.

19         As I just showed, in July, in Utilicom, the court just did it

20   again.

21         Plaintiff's argument is nonsensical.  Of course, we can

22   present meritorious reasons for Your Honor to consider, and

23   we're doing that here today.

24         Each one of these cases:  two supreme court cases, two

25   court of appeals cases, the court set aside the judgment

17

1     (indiscernible) if you took plaintiff's line of thinking should not

2     have been able to be considered.  Well, of course the court

3     considered it.  In each one of these cases the court set aside

4     the judgments.

5          Davison-Paxton -- Paxton Co. v. Burkart is another case

6     the plaintiffs rely upon in their briefs, 1955 case.  Here

7     plaintiff argued that default judgment -- I take that back, the

8     defendant argued that default judgment be set aside because

9     the wife failed to inform him of service of the complaint.

10         The court applied a superceded code, 110-404, which

11    required meritorious defense and legal excuse.  None of which

12    are required by Your Honor here today.

13         Our case, the applicable standard does not require a

14    legal excuse, and I've shown time and time again, you are not

15    limited to any statutory criteria.  So Davison-Paxton v. Burkart

16    is not applicable to the motion hearing today, of running to

17    first base and stopping.

18         Plaintiffs attempt to blur the discretionary standard

19    throughout their briefing.  I'm focused on it here today, so

20    they don't blur it here in person.  It's very clear what the

21    standard is before the Court.  You are not limited by statutory

22    requirements.

23         And again, this is the waiver argument that they're going

24    to argue and have argued in their briefing.  If you look at PHL

25    Development Corp., there at the end, it would be the same

18

1    holding here. The trial court determined that based on the

2    circumstance of the case, upholding the default "would be a

3    ridiculous exercise of rule over reason."

4         This Court knows it's the wrong party. I just showed it

5    through about six slides. We can do twenty more.

6         SEA has an undisputed meritorious defense of wrong

7    party. It provided this information to plaintiffs three weeks

8    prior to the damages hearing. Plaintiff had ample time and

9    resources to confirm whether he sued the wrong party, prior

10   to the hearing. Knowledge and opportunity.

11        Plaintiff had an obligation to investigate fully and

12   determine the right party. And once that's determined, there's

13   a duty to amend. There's also a duty not to -- if you learn that

14   your information is false, in something you filed with the court,

15   you have a duty to correct it, and it's ongoing. That duty is

16   ongoing today, right now.

17        Your Honor, I'm going to turn over the rest of this

18   argument to Mr. Hughes. And again, thank you for your time.

19        MR. HUGHES: Good morning, Your Honor.

20        THE COURT: Good morning.

21        MR. HUGHES: I'll go ahead and preface this by saying I'm

22   not a huge PowerPoint guy. So if I run into any snags just bear

23   with me.

24        THE COURT: Okay.

25        MR. HUGHES: Same with the ELMO; I may end up using

19

1    both.

2         So Your Honor, in followup to Mr. Marlin's comments, I'm

3    going to take a few moments to present another meritorious

4    reason, for which this Court should exercise its inherent

5    authority to set aside this judgment, during the same term of

6    court.

7         Just to, before I get into discussing that specific one,

8    which is that this judgment is excessive, and should be set

9    aside for that basis, I want to just comment, in addition to Mr.

10   Marlin's words on Hurt, that we're not just looking at a mere

11   defense here.

12        We're looking at, you know, of course it's the wrong

13   party, beyond that, what happened after the plaintiff became

14   aware that it sued the wrong party?

15        That is important, and that alone can be a meritorious

16   reason for setting aside the judgment.

17        Your Honor, as this Court is aware, it can basically adjust,

18   vacate, set aside a verdict to be distinguished from a

19   judgment, using remittitur or additur.  Those are statutory

20   mechanisms, by which a judge has authority to do something

21   to change the outcome of a verdict in a jury trial.

22        There's significant authority that's recognized in all states

23   and under federal law, that allows trial courts and appellate

24   courts to go ahead and change the outcome of a judgment or

25   verdict of a trial, based on a review of what happened, the

1    evidence, the judgment itself, and reach a conclusion that
2    something just doesn't seem right, whether it's too large or
3    too small.
4          In that regard, I'll note that the United States Supreme
5    Court recognized that the due process clause prohibits states
6    from imposing grossly excessive punishments against
7    tortefeasors, such as the BMW vs. Gore case, that we studied in
8    courts and law school.
9          Georgia appellate courts are often called upon to review
10   awards and damages.  And they've acknowledged that where
11   an award is so excessive that it shocks the conscience, it may
12   be reversed on appeal.
13         So that shocks-the-conscience standard is basically one
14   way of looking at what -- what is too excessive or too small to
15   be sustained.
16         That's not, I'll submit to Your Honor, your standard,
17   because you have inherent authority here.  You're not bond by
18   the appellate's -- by the appellate court's standard, but I do
19   think it's helpful and equally applicable in this case.
20         So to evaluate an issue, we need to, of course, look at the
21   judgment itself, and then we need to look at the evidence.
22         I've taken the second page of the judgment, and
23   obviously this is a very large judgment.  It's $10,860,972,
24   which is awarded as general and special damages past and
25   future.

1            I'll submit Your Honor, that's pretty important here.

2    Under OCGA 51-12-2, general damages are defined as those

3    which the law presumes to flow from any tortious act.  And

4    that would include things like pain and suffering.

5            On the other hand, special damages are those which

6    actually flow from a tortious act, such as medical expenses,

7    lost wages, things of that nature, and those have to be proven.

8            What you don't see in this judgment is any reference to

9    punitive damages.  And as this Court's aware, general and

10   special damages are designed to compensate a plaintiff.

11           Punitive damages, on the other hand, are intended to

12   punish or deter a defendant.  So when you have punitive

13   damages that are awarded, you know that that's going to be a

14   factor that the finder of fact had considered to punish

15   somebody and not simply to compensate them.  But we're not

16   looking at this as a means of punishing the defendant in this

17   case, in this particular judgment.

18           So we've reviewed the judgment itself, and now we've got

19   to look at the evidence.

20           So unfortunately, we don't have a transcript here.

21   Everyone is aware of that.  Mr. Terry's argued that up and

22   down in his brief.  But we have ample evidence in the record,

23   from which we can review this judgment.

24           The case law that Mr. Terry cites specifically says, "a

25   transcript or other evidence from which the damages may be

1    evaluated in light of the judgment." So we've got that here,
2    Your Honor. We've got 999 pages of documented --
3    documentary evidence in the record.
4         That includes right here. I don't know if you can see.
5    Well, you've got the desk in front of you. At the bottom down
6    there, medical bills totaling $144,972.88. So right about
7    145,000. All those expenses were incurred between the date
8    of the accident, which was July 17th, 2019, seventeen-year-old
9    kid at the time, through August 12th, 2019. Less than one
10   month of treatment.
11        Your Honor, this is a notice of filing of record. That
12   medical summary was included with all of the documents that
13   were submitted into the record for the trial. It outlines and
14   describes all the various documentary evidence that the court
15   had in front of it, to consider at the time and render his
16   judgment.
17        One of those is the annuity mortality table, and that's the
18   statutory means by which a court can determine what the
19   reasonable life expectancy of an individual will be, for
20   purposes of awarding future medical damages.
21        In this case -- and I've got -- Judge, I'm going to try to
22   flip this thing real quick. I just press this button; right?
23        UNKNOWN SPEAKER: It's on the left. Can I approach
24   him? I've practiced here before.
25   (Pause)

23

1          MR. HUGHES:  Can Your Honor see that?

2          THE COURT:  Yes.

3          MR. HUGHES:  I just wanted to point out that the court

4     found, based on that mortality table, that the plaintiff had a

5     remaining life expectancy of approximately fifty-five years.

6          So at the time of this hearing, he was nineteen years old.

7     So that's one basis for which he, apparently, found a reason to

8     award future damages.

9          He's also noting that he heard testimony of live

10    witnesses, regarding past and future damages.  I'm going to

11    try to flip back.  Well, no, I don't want to do that just yet.

12         So in addition -- so in addition to the mortality table, we

13    have tons of medical records.  Again this is 999 pages.  I don't

14    know how it stopped right at a thousand, but I guess when you

15    add in the notice of filing, it makes it right at a thousand.  The

16    rest of it is actual evidence.

17         The other documents that were available include a

18    number of photographs and some specific doctors' reports,

19    that were pulled out from the Doctors Hospital in Augusta.

20         I'd like to refer the Court's attention to one note from

21    August 12th, 2019, which was presumably the last date that Mr.

22    Brewer sought treatment from -- from the Doctors Hospital.

23         So it does note, at the assessment level, that Mr. Brewer

24    had a 3 percent total body surface area, third degree thermal

25    burn injury to the left leg, status post-autografted.  So he had

1    a skin graft.  He had some scarring with it.

2         It's interesting to note that when he reported, he denied

3    any significant pain, and he's requesting to return back to

4    work.

5         After assessing Mr. Brewer, Dr. Bagin (phonetic)

6    determined that he'd allow Mr. Brewer to return to work the

7    next Monday on August 19th, 2019, which is almost one year –

8    – I'm sorry, almost one month after the injury in question.

9         So we're talking about a period of only one month

10   basically, of some limitations.  Not to take away from the fact

11   that a third degree burn is an injury that is significant, but in

12   the big scheme of things, a one-month period of limitation

13   needs to be considered when evaluating a 10.8 million dollar

14   judgment.

15        As the judgment noted, it considered the testimony of

16   witnesses.  This is the witness list that was filed of record.  We

17   see that Mr. Brewer testified, the plaintiff; and his mother

18   Andrea Monroe.

19        Noticeably missing from this witness list are any doctors,

20   experts of any kind, who are competent or qualified to testify

21   as to the likelihood of future medical treatment or future pain

22   and suffering.

23        So Your Honor, when you take all the evidence of record,

24   which we have a lot of, nearly a thousand pages, and a

25   notation of who actually testified, it clearly shocks the

1    conscience that a court would award a nearly eleven-million-
2    dollar judgment, actually it's 10.8, and if you multiply the
3    specials of nearly 145, it's about 75 times the medical
4    damages that were proven at the trial.
5         It shocks the conscience. It's absurd, Your Honor. And
6    it's evidence of a course that was set into motion as of
7    September 16th, the date that plaintiffs counsel became aware
8    that they had mistakenly sued the wrong party.
9         Once they realized that, boom, default judgment handled
10   in a couple hours of that conversation, judgment default
11   entered. No notice given to Mr. Sharples, even though they
12   had just talked to him.
13        The trial was set up less than three weeks later. No
14   transcript, no court reporter. We have a court reporter here
15   today. I didn't ask for one, but she's here. Pretty much any
16   time I've ever been to the Chatham County State Court, I've
17   never had to ask for a court reporter. So for there not to be
18   one here, is of interest.
19        Yes, of course, if we had a court reporter available, we
20   would have requested a transcript. But we don't have one
21   here. But we do have plenty of evidence to show that what
22   happened here was simply wrong.
23        Again, Your Honor this is not a mere defense. We've got
24   a situation where plaintiff mistakenly sued the wrong party,
25   goes and drops all the other defendants, and tries to seize on

26

1    its mistake, so that it can do this.

2         You know if we had been here, this would not have

3    happened.  This would not have happened.

4         We'll be reserving some time after Mr. Terry talks, to

5    kind of close on the issue of inherent authority.  And we

6    happen to know that -- I had spent about, you know, a big

7    chunk of time researching this International Shoe and it's

8    progeny issue, and I was going to really look forward to

9    boring you with that discussion today.  And I was really, really

10   devastated when I read the opinion last week from Cooper

11   Tire that the supreme court unfortunately went against us on

12   that issue.

13        But I do want to say, you know, there's still time for the

14   Georgia Supreme Court to reconsider.  There's ten days from

15   the date of the opinion for the appellant to file a motion for

16   reconsideration.  That time has not passed.

17        We expect, given the significance of this issue, that that

18   will in fact be filed.  Then of course, after that there's an

19   opportunity to petition the United States Supreme Court for

20   certiorari.  This is a -- it's briefed pretty well, prior to this

21   point.

22        This is clearly a cutting edge issue in civil procedure,

23   throughout our country.  And whether it's taken up by the

24   United States Supreme Court on Cooper Tire or some other

25   court -- or excuse me, on some other case, it will be taken up.

1    We feel strongly that it will.

2          So we do want to preserve all of our arguments that
3    we've made.  I am not -- by making any of this sidebar
4    commentary about Cooper Tire -- trying to minimize its'
5    importance or the issue's importance.

6          We certainly preserve, for the record, all of our
7    arguments on personal jurisdiction, and likewise want to be
8    able to exhaust any appellate remedy we might have in that
9    regard, down the road, should we need to.

10          We've raised some other arguments in the brief that I
11    think for purposes of the best use of this Court's time, may not
12    be addressed at the oral argument setting, unless Mr. Terry
13    wants to bring them up, and then I might have a few
14    comments on rebuttal.

15          But otherwise, I think they're well briefed by both parties,
16    and there's enough there for the Court to consider those
17    additional arguments, as well.

18          So at this time, I think, unless -- do you have anything
19    else?

20          MR. MARLIN:  No.

21          MR. HUGHES:  Okay.  At this time we'll hand it over to Mr.
22    Terry, but we do -- we would request the opportunity to have
23    a rebuttal, as well.

24          THE COURT:  Absolutely.  Good morning, Mr. Terry.

25          MR. TERRY:  Good morning, may it please the Court.  I

1    want to start where they left off, sort of, on the alleged
2    excessiveness.  Let's just get that out of the way because
3    there's, you know, we apparently have a runaway jury verdict
4    here, without a jury.
5         We have a bench trial before a very experienced judge,
6    who set the amount of damages.  And there's a lot of other
7    things.
8         Here we have witnesses concerning past and future
9    damages.  Copious amounts of evidence.  Photographs of the
10   injuries.  The conditions are permanent, and it's a burn.  You
11   know how painful burns are.  This is a nineteen-year-old man
12   who can never go out in the sun again.
13        So what they're telling you is Judge Fowler made a
14   mistake.  Judge Fowler got bamboozled.  These trial lawyers
15   ran over him, and he did something he would never have
16   done, had he understood the evidence of damages that he was
17   looking at.
18        This is a not a jury, where they're asking you to remit the
19   damages because the jury went a little crazy.  They can't
20   challenge it legally without a transcript.  And Granite Loans,
21   among other cases that we cited, says that.
22        That's basically -- there's another thing I want to point
23   out to you.  So basically with no transcript, we don't know what
24   Mr. Brewer said.  They don't know because they didn't  ask for
25   a court reporter.  They said there wasn't a court reporter.  You

29

1    know why?  They did not show up.

2          Now, one other thing I want to point out to you on this

3    chart that they showed you.  Look at the bottom, No. 16.

4    Request for admission.  That's very crucial; we're going to hear

5    a lot about that as we go forward.  The Court relied on the

6    request for admission.

7          Now, we heard three times, all they wanted was an

8    opportunity to be heard.  And we heard twice the phrase,

9    "procedure matters."

10         Procedure does matter.  This is what the procedure

11   required.  Procedure -- I'm sorry, I wrote this while they were

12   talking -- here's what procedure required:  it required an

13   answer.  Required that they answer discovery requests.

14   Required they timely move for a new trial, when they knew

15   about the verdict twenty-three days before the deadline for a

16   new trial.

17         Procedure matters.  They were required to appeal within

18   thirty days.  Twenty-three days after they say they got notice

19   of the judgment; they didn't appeal on time.  Procedure

20   matters.

21         So look at the docket.  And they say well, we didn't have

22   notice.  But they waived notice.

23         Now, one of the things they say in their brief, that drives

24   me nuts, is they say you should have looked at the docket in

25   other cases that other Samsung entities, that you did not sue,

                                                                    30

1    and if you looked at the docket sheet, they say, in those other
2    cases, against other Samsung entities.

3         You know what they didn't do?  They didn't look at the
4    docket sheet in this case, where they were a party, where they
5    were properly served, and they do not deny having been
6    properly served.

7         So you know, they say that we had a duty to investigate.
8    Well, our duty to investigate is nothing compared to their duty
9    to comply with the statute and answer.

10        So here we go.  Let's talk a little bit about Mr. Sharples.
11   So they say Mr. Sharples was not told.  Mr. Sharples was not
12   told that a motion for default had been filed.  Mr. Hunter
13   submitted an affidavit saying I told him.  I told him.

14        Now, we brought Mr. Hunter here, if you have any
15   questions for him, he's here.  Mr. Sharples, I don't believe, is
16   here.

17        So you know, one of them is telling the truth and one of
18   them is lying.  Mr. Hunter is here before you ready to answer
19   any questions that you might have for him on that.  So he said
20   he did tell him.  So that answers pretty much everything that
21   they say.

22        Now, one other thing.  This is undisputed.  This is Mr.
23   Sharples' own affidavit.  Mr. Sharples says, "I said, 'Oh we had a
24   declaration.  We have a declaration from Mr. Han' (phonetic)
25   'saying we don't manufacture those batteries.  I'm going to

1    send it to you.'"

2         And you know what happened?  Nothing.  He didn't send

3    it.  Mr. Hunter asked him, you know, who's the correct

4    defendant.  If you say you're not the right defendant, who's the

5    correct defendant?  Dismiss this and I might tell you.

6    Gamesmanship.  It was gamesmanship from Day 1.

7         I want you to remember one thing, Your Honor, by this

8    point in time, not only are they in default, but they have also

9    admitted all the requests for admission.  All the requests for

10   admission had been admitted because they didn't answer

11   notice.

12        So are they the right party?  Yes.  And they -- I'm going

13   to get into this in a moment in a little more detail, but all of

14   their evidence, that they're not the right party, is inadmissible,

15   cannot be considered by the Court.  You have no authority to

16   consider it, because it contradicts their request for admissions.

17        All right.  Now I'm going to get back into what I had

18   planned to say.

19        So there's a whole lot, and they did not in fact -- they did

20   not in fact argue a lot of these points.  So we probably won't

21   talk about all of them.

22        Personal jurisdiction based on Georgia agent for service

23   is now binding law.  Personal jurisdiction was admitted.  Their

24   liability was admitted.  That they are the correct party was

25   admitted.

32

1          Their affidavits are inadmissible, and we're going to go

2    through them and object to them, paragraph by paragraph, in

3    a moment.  They cannot contradict their admissions.

4          A meritorious defense does not exist here, as a matter of

5    law.  I'm going to show you the cases, and they're not all

6    before the -- the Civil Practice Act.

7          One of things they say is well, you're trying to rely on

8    pre-Civil Practice Act cases for a post-Civil Practice Act case.

9    Then they say we're not relying on any of the rules; we're

10   relying on the commonwealth motion.  That's right.

11         See they're not filing a Civil Practice Act motion.  They're

12   not relying on the rules.  They are relying on the inherent

13   discretion, and that existed, unchanged, in a supreme court

14   decision.  I'm going to show you that it's unchanged, before

15   and after the Civil Practice Act.

16         So new trial motion, they devote one paragraph to that in

17   their brief.  So I'm probably not going to spend any time on

18   that.

19         Venue defense is invalid for four reasons.  Venue

20   defenses are not timely raised.  Venue's a fact proper.  And

21   vanishing venues doesn't exist here and was also waived.

22   Those are our arguments.

23         I'm not going to talk about everything because they

24   didn't, and I appreciate that.

25         We'll talk just a moment about personal jurisdiction.  We

1    heard about Cooper Tire, that is dispositive jurisdiction.  You
2    have no discretion to go outside that to disagree with the
3    supreme court.
4         Here we also have jurisdiction because of the request for
5    admission.  They expressly admitted all of the jurisdictional
6    facts.  They expressly admitted personal jurisdiction, in the
7    request for admission.
8         Let's walk through the timeline in a little more detail than
9    we saw before, because I think it really shows how many --
10   how many times they had a chance here.
11        The complaint was on the 15th of July.  Served on the
12   20th, with discovery.  Answer was the 19th of August.  The last,
13   they defaulted, didn't file an answer, did not respond to
14   anything.
15        September 3rd was the last day to open default as a right,
16   and the last day to answer the request for admissions.  They
17   filed nothing.
18        They don't dispute they received it.  They don't dispute
19   they were represented by counsel.  They have in-house
20   counsel, who deals with these matters.  And we say affidavits
21   from Mr. Sharples, and they say oh, this was a paralegal, not
22   an in-house.  Yeah, but they have in-house counsel.  The
23   person who called us was the paralegal.
24        I think we all know what happened.  He didn't do what he
25   was supposed to do.  He messed up.  So then he just said what

34

1    he needed to say, trying to get himself out of trouble and to
2    blame Mr. Hunter.
3        So the default order was entered on the 16th, at 9:54 a.m.
4    Conversation with Sharples at 2:20 p.m. Sharples promises to
5    send the declaration, but does not do it.
6        The damages trial was 10/9. Default judgment 10/12.
7    Samsung admits it received the default 10/19. 10/28 they
8    finally send us the promised declaration. And they say you
9    knew, you knew that you had the wrong party. The
10   declaration they had promised us on the 16th of September
11   was received weeks after the damages trial.
12       And they admit they didn't send it. This isn't us saying
13   oh, they didn't send it. He admits he didn't send it, in his
14   affidavit, in his second affidavit.
15       Then the last date to file a motion for a new trial or an
16   appeal was 11/11. They didn't do anything by then either. So
17   nothing.
18       Still, motion to set aside was filed 137 days after service.
19   That's the first thing they filed. And they accuse us of
20   gamesmanship.
21       So let's talk about the case law what jurisdiction is. Now,
22   I would submit that they have proven nothing because they
23   can't contradict the request for admission.
24       But even if they had proven they were the wrong party --
25   which they have not -- the case law requires them to do more

35

1    than they did.

2         We talked -- they talked about our Hurt Building case.

3    And they said, look, it was -- it was a -- they said, you know,

4    they talked about, they cited the part of it that talks about the

5    petition, rather than a case.  But they said -- but they don't

6    show you this part of the opinion.

7         It says, this was -- even though this could have been a

8    petition, this was not a petition.  This was an -- this was a

9    motion made in a case, during the term, to set aside the

10   judgment.  Filed a motion to set aside and it's addressed to

11   sound discretion of the judge.  It should not, although made

12   during the term, be granted unless some meritorious reason

13   be given.

14        Well, that is the common law standard.  They said it;

15   we're filing a common law motion.  We're not filing one; we're

16   not bound by the statutory and Civil Practice Act standards,

17   because we're filing a common law motion.  Then they say you

18   shouldn't have looked at cases from before the Civil Practice

19   Act.

20        The Civil Practice Act didn't change this.  "When a party

21   has been afforded an opportunity to be heard, the court

22   cannot suspend or vacate this judgment, merely to let in a

23   defense which should have been offered before the judgment

24   was entered."

25        We're the wrong party, you should have sued our

1    subsidiary?  That's a defense, and it's a defense they should
2    have offered before the judgment was entered.
3         Now, this is post-Civil Practice Act, way post.  This is the
4    supreme court.  Cohran v. Carlin, "the threshold issue is
5    whether, in the face of having suffered default Cohran should
6    have been permitted to present any defense, which might have
7    tended to defeat the Carlins' right of recovery."
8         Well, clearly what Samsung's trying to do is a defense to
9    defeat our right to recovery.  And the court says the answer is
10   clearly in the negative.
11        "The default concludes the defendant's liability, and
12   estops him from offering any defenses which would defeat the
13   right of recovery.  All of the defenses in question public policy,
14   unclean hands, etcetera, are attempts to contest the merits of
15   the case.
16        "Cohran was therefore estopped from presenting them at
17   trial and the superior court properly limited the trial to the
18   issue of damages" in that case.
19        Now, they also had to have -- their quote --
20   "meritorious reasons," which is a common law doctrine that
21   exists here, common law.  They say you keep trying to put in
22   statutory limitations on it.
23        No, what we said it's supposed to get harder after a
24   judgment is entered, not easier.  So you should at least have to
25   comply with the statutory requirements.

37

1        But even if that's not what we're talking about here, under

2    the common law motion, the common law motion, you have to

3    show, as part of your meritorious reason that you have a

4    legitimate reason for default.  That's part of your showing. We

5    have a bunch of cases that say that.  They don't even try to

6    make that showing.

7        They talk about everything that happened after they were

8    in default and after the time to open the default as a right had

9    passed.  That's everything they focus on.

10        Well, here's one of the cases:  This is the Luke case.

11    "When a motion is made to vacate a judgment, even during the

12    term, the movant must allege and prove a good reason," that's

13    a meritorious reason, "why he failed to make his defense at

14    the time required by the Act."

15        A reason why he failed to make his defense known.  Not

16    just a meritorious reason, gosh, this isn't fair, the case isn't

17    fair.  A meritorious reason why he didn't answer.  And they

18    haven't even tried that.  Literally, there's no effort there.

19        "Where therefore a motion to vacate a judgment, even

20    though granted during the same term is presented, the motion

21    must show upon its face some reason which the law will accept

22    for the failure to appear in court at the proper time and make

23    his defense."

24        So -- oh, back to the bottom.  "The discretion vested in

25    the trial judge is a legal discretion to be exercised on legal

38

1   principles, not an arbitrary discretion."

2        So you don't just get to say -- you know, you have to

3   follow these principles.  You don't have arbitrary discretion.

4   Discretion can always be abused, and if they don't make the

5   right showing, it would be an abusive discretion.

6        Now the common law -- well, they said well, your cases

7   are old, they predate the Civil Practice Act.

8        What does our supreme court just say about this?  The

9   common law, the court had broad inherent power to set aside

10  its own judgment, within the term of court which they were

11  entered.  This common law rule has remained essentially

12  unchanged for final judgments in civil and criminal cases.  The

13  common law rule hasn't changed.

14       Here's another case.  This is post-Civil Practice Act.  "In

15  order to set aside a default judgment, the defendant must

16  have not only a meritorious defense, but a legal excuse for

17  nonappearance."  A legal excuse for not answering.

18       The meritorious reason has to also include a meritorious

19  reason for not answering.  And again, they don't have it.  They

20  haven't even tried.

21       The defendant, in this case, failed to present a legal

22  excuse for his being in default in that case.  That's it, end of it.

23  End of discretion.

24       Now, they have a new case, they sent us Friday.  We had a

25  new case, Utilicom.  And, yeah, that case says all you have to

39

1    do is show a meritorious reason.  That's all you have to do and

2    the trial court has great discretion. But what was the

3    meritorious reason in that case?

4         What happened in that case is the defendant moved its

5    registered office, but didn't notify the Secretary the State.

6    They didn't actually get the service.  They were not served.

7         Now, the plaintiff went to the old registered office,

8    nobody there.  Sent it to the Secretary of State, it didn't get to

9    the defendant.  Unlike Samsung, who knew about this just days

10   after this complaint was filed.

11        The defendant in that case did not find out about the

12   case until their bank account was garnished, to satisfy the

13   judgment.  That's when they found out about it.

14        And why, what was their meritorious reason?  Their

15   meritorious reason is the plaintiff's lawyer knew he had moved

16   the registered office, had been communicating with the new

17   registered office, and yet served the Secretary of State

18   anyway, because he, you know, he thought he had caught us in

19   a -- you know, you moved your register office and hadn't yet

20   notified the Secretary of State.

21        They said, no, that's why you didn't answer us.  You have

22   a legitimate reason for not answering.  You never got it.  So

23   yeah, that case actually really helps us.

24        Then one other thing I want to say which is probably

25   slightly off topic.  Granite Loans.  They say, "You knew you

1    sued the wrong company.  You knew you sued the wrong
2    company."
3        Well, the same thing in Granite.  So in Granite they said,
4    "the factual allegations in [the] complaint are patently false
5    and in conflict with positions [that the plaintiff] took in a prior
6    case against a different set of defendants."
7        In other words, you sued somebody else and alleged
8    them of this.  Then turned around and sued us and accused us,
9    and we defaulted.  And they said you knew.  And they said,
10   you know, that doesn't do it for you.  That's not going to be
11   enough, because you still -- that's what you asserted in an
12   answer.  You sued the wrong party or you're contradicting
13   your prior pleadings, or you know, res judicata, whatever your
14   defense is, you asserted an answer.  That's the law.
15       Let's talk for just a moment about the request for
16   admission.  They were served with the complaint.  They're not
17   answering.  They're conclusively established, cannot be
18   contradicted.  So they were relied upon by the parties and by
19   this court.
20       We have filed them.  They were an exhibit in the
21   damages trial.  We filed them on July 15th.  Here they are.  And
22   if you look through them, this is to Samsung.  And there's a lot
23   of things in here, including admit you designed the battery.
24   That's up there No. 15.  Admit you placed these batteries in
25   the -- into the stream of commerce.  You know, admit that the

41

1    plaintiff was a foreseeable user of the batteries, etcetera.

2        So all of this they completely admitted, every element of

3    liability, conclusively.  They've also admitted personal

4    jurisdiction and venue.

5        As a result of that, their affidavits are inadmissible to the

6    extent they contradict those things.

7        Now, was this a secret?  Did we hide this?  Look at this.

8    This is the request for default that the court deemed all --

9    there.  Okay.  That the court deemed all requested admissions

10   served upon defendant Samsung as admitted.

11       Okay.  What did the trial judge -- what did Judge Fowler

12   do?  His order of default says they didn't respond, including

13   request for admission.

14       We saw the chart earlier.  They were tendered in the

15   damages trial.

16       Now, again they -- this is another one of their defaults.

17   They failed to answer the discovery.

18       So -- I've got a lot of cases on the conclusive nature of a

19   request for admission, but I don't really think anybody

20   disputes that.  So I'm not going to put all of those cases up.

21   But let me just tell you which paragraphs we object to.

22       We object to the declaration in its entirety, because

23   declarations are not admissible in a Georgia, that makes it

24   hearsay.

25       Paragraphs 4, 5, and 6 contradict the request for

42

1    admissions.  Paragraphs 7 through 23 inclusive of Hans
2    affidavit, contradict the request.
3         Paragraphs 4, 5, 13, and 14 of the first Gary Tope
4    (phonetic) affidavit contradict the request and we object.
5         Second affidavit of Tope, paragraphs 3, 4, 5, and 6
6    contradict the request for admissions and we object.
7         Sharples affidavit, 4, 5, and 10 contradict request for
8    admission and we object to those.
9         The second Sharples affidavit, 8/13, contradict request
10   for admission and we object to those.
11        And the Doyle (phonetic) affidavit, paragraphs 5 and 6
12   contradict the request for admissions.
13        All of the exhibits are hearsay and contradict request for
14   admissions and we object to those.
15        So it is conclusively established here that they are the
16   right party, that they manufactured the battery.  They cannot
17   contradict it.  They had their chance.  They chose not to do it.
18        Now, they say well, we didn't get notice of the trial.  We
19   didn't get notice of the damages trial.  Case law is so crystal
20   clear on this one.  They say that's -- that's a real unfairness.
21   We didn't get notice.  That's just not fair.
22        Well, we're going to talk about a couple cases:  Granite
23   Loans.  Granite argues the trial court should set aside default
24   judgment because it did not receive notice of the damages
25   hearing.  "It is well settled that the failure to file pleadings in

43

1      an action shall be deemed to be a waiver of all notices,

2      including notices of time and place of trial and all service in

3      the action."

4            Since Granite failed to timely file an answer, it waived any

5      notice of further action in the case, including notice of the

6      hearing on damages."  So many.

7            Here's one, T.A.I. Computer, 1999 Ga App case which

8      says that you don't have to give them a copy of the motion for

9      default.  I mean there's so many of these.

10           Cavin v. Powell, 276 Ga App 60.  Again no notice of the

11     damages hearing, and the failure to file an answer is a waiver.

12           I want to talk about one other case, which I don't have a

13     slide of it.  It's called Winslett v. Guthrie.  In Winslett v. Guthrie,

14     there was a default and the trial judge ordered the plaintiff's

15     lawyer -- ordered the plaintiff's lawyer to give notice of the

16     damages trial.  He didn't do it, according to his firm.

17           They said, no, no notices means no notices.  Waiving all

18     notices means waiving all notices.  Even where the trial judge

19     orders the plaintiff's lawyer to give notice, you still can't

20     require notice.  So I think that is just -- that's the end of that

21     issue.

22           Let me talk about venue.  We didn't hear anything about

23     venue.  So I hesitate to spend any time on it, but I know that if I

24     don't, I will hear about it on rebuttal.  So let me just go

25     through it a little bit.

44

1          First of all, venue of course is an affirmative defense that

2     can be waived.  You can always waive it.  Well, what do we

3     know?  Affirmative defenses cannot form the basis for a

4     motion to set aside.  You can't do it.  That's Northgate

5     Apartments vs. Smith, 207 Ga App 479.

6          So you cannot use a motion to set aside to raise an

7     affirmative defense.  So because of that, there are many

8     Georgia cases saying that venue cannot serve as the basis for

9     a motion to set aside.

10          Those include Aiken vs. Bynum.  "He had actual notice of

11     the suit and could have appeared for the purposes of

12     challenging venue."  "When a party has received actual notice

13     of a suit, there's no due process problem, in requiring him to

14     object within the period prescribed."

15          I've got several more cases.  And this Hatfield case,

16     venue is a -- not a jurisdictional question, but a procedure.

17     "The failure to appear is a waiver of venue.  He had actual

18     notice of the suit and could have appeared for limited

19     purposes of challenging venue."

20          Here's another one I think is important.  Padgett

21     Masonry.  "Where there is in fact service, otherwise valid, and

22     the defendant wishes to attack venue, he must do so prior to

23     judgment or a waiver results."  You have to do it before

24     judgment.

25          So you cannot base, in this case, a motion to set aside on

1    a venue defense. It has to be raised prior to judgment. And

2    I've got several more saying the same thing.

3        This is the most recent one. It says -- it's sort of the

4    language of Judge Dillard, saying it's uncontroversial that the

5    defendant's failure to appear constituted a waiver.

6        Now, let's talk about vanishing venue. They complain

7    about vanishing venue. Well, vanishing venue used to be --

8    used to be mandatory. By that, it used to say if venue

9    vanishes, the case must be transferred, and the court loses

10    jurisdiction.

11        That was changed twenty-two years ago to make it

12    permissive and put it up to the defendant. It's up to the

13    defendant. You can ask for it or not ask for it.

14        This is the new language: If all defendants who reside

15    are discharged before or upon the return of a verdict by the

16    jury, or the court without a jury, a nonresident defendant may

17    require -- may require, may is always permissive -- the

18    defendant may require. That doesn't mean the court

19    automatically has to do it.

20        The supreme court made that clear in EHCA Cartersville

21    v. Turner, 9-10-31(c) "vests the power not in the courts, but in

22    nonresident defendants who reside in the county where the

23    torte occurred. Such a defendant may require a court to

24    transfer, simply by filing a motion to transfer, thus divesting

25    the courts of any power for the decision to change venue."

46

1        In other words the court has no power over the decision
2    to change venue.  It's up to the defendant.  Defendant has to
3    file a motion.  When?
4        When do they have to file a motion?  Well, luckily the
5    supreme court has told us.  Here's two different rules:  Georgia
6    Uniform State Court Rule 19.1(C):  "If the basis of the motion is
7    that a party necessary to the court's jurisdiction has been
8    dismissed during or at the conclusion of the trial.  The motion
9    shall" -- now we're in mandatory language -- "shall be made
10   immediately and orally; any opposition shall be made orally."
11   Uniform transfer rules.  Those are written by the supreme
12   court.
13       The basis for the motion to transfer is that a defendant
14   necessary for the court's jurisdiction has been dismissed,
15   either during or at the conclusion of trial.  Such motion shall
16   be made immediately and orally.
17       Well, gosh, are people aware of that?  Well, you know,
18   here's -- here's three -- three books that have been telling us,
19   since that was passed.  The basis for the motion is that a party
20   necessary has been dismissed during or at the conclusion of
21   trial.  The motion shall be made immediately and orally.
22       Magistrate Court's Handbook.  "The remaining
23   defendants must make a motion for transfer immediately and
24   orally."  And did they do that?  Of course they didn't.  We know
25   they didn't?

1      Well, what do they say?  Well, let's look back at Padgett

2   for a second.  You have to attack it prior to judgment.  Prior to

3   judgment.  Well, during trial is prior to judgment.

4   Immediately and orally during trial is prior to judgment.

5      But Samsung says, gosh, we were not at the damages

6   hearing.  So we couldn't object to it.  That's their -- that's their

7   argument:  We weren't there so we couldn't object.

8      Why weren't they there?  They chose not to be.  They

9   chose not to answer.  They chose not to appear.  They chose

10  not to look at the docket sheet.  So they made their choice not

11  to be there.

12     So is it an excuse to doing something at the trial, that

13  you weren't there?  Our courts have said no so many times.

14  McKinnon vs. Trivett, 136 Ga App 59.  In there the appellate

15  failed to appear at a hearing, and it says they had notice of the

16  hearing.  Any objection to the affidavits that could have been

17  raised will be deemed to have been waived.

18     You didn't show up, you waived your objections.  Well,

19  that's not the only one.  Hatfield case again.  Total failure --

20  defendants had a total failure to appear cannot be a waiver.

21  And it says you could have shown up just to challenge venue.

22  You could have shown up just to challenge venue.

23     Again, back to Aiken v. Bynum.  It says, "They could have

24  objected" -- and that parenthetical is there, I didn't add that,

25  that's in the case -- "there is no due process problem

1    requiring him to object improper venue within the period
2    prescribed."
3            When there -- and there was, a total failure to appear,
4    the period prescribed for a vanishing venue motion is
5    immediately and orally in the trial, when the discharge of the
6    other defendant occurs.
7            Rapps v. Cooke, 234 Ga App 131. "Failing to appear at
8    the hearing to object [they] waived the right to notice and
9    acquiesced."
10           Chapman v. State, 206 Ga App 465. Failure to appear at
11   the hearing, at which he might have enforced his right, is a
12   waiver of his right. So if you don't show up, you waive things,
13   like asking for a transcript. You waive that if you don't show
14   up.
15           One more I want to talk about. Euler v. Drama Morrow
16   (phonetic). I kind of like the name. What it says, you have to
17   raise venue at the earliest opportunity, and must bring it to the
18   attention of the court at a proper time.
19           So the proper time for vanishing venue is immediately
20   and orally, when the party leaves.
21           Now, we also contend the venue didn't vanish, and we
22   cited the case law on that in our brief. We also contend that
23   venue is proper under 14.2.510(b)(4), and that's all in our
24   brief. So I'm not going to go through all of that.
25           So the venue defense is just gone.

49

1    Let me talk last about a new trial.  They devoted an

2  entire -- this is their brief on new trial.  So I don't want to

3  spend a lot on that.  That top paragraph, C.  So I don't want to

4  spend a lot of time on it.

5    But they didn't call it an extraordinary motion for new

6  trial, until we pointed out that it was late.  When we said, Hey

7  you had notice of the judgment after seven days, and you have

8  thirty days to file your new trial motion, you didn't file it on

9  time.  You had twenty-three more days to file your new trial

10  motion and you didn't do it.  It's barred as a matter of law

11  because it's untimely.

12    Then they came back and said well then it's an

13  extraordinary motion for new trial.  So in their reply brief, for

14  the first time, they said Well, no, no this an extraordinary

15  motion for new trial not subject to the time lines.

16    Well, here's the problem:  You can't file an extraordinary

17  motion for new trial when you knew, before the time for the

18  regular new trial motion.  They had twenty-three days before

19  the deadline for an ordinary new trial motion.  They knew

20  about the default judgment.  They admit that in their

21  pleadings.  They admit that in their affidavits.

22    When you know before the deadline for an ordinary new

23  trial, those facts cannot serve as the basis for an extraordinary

24  new trial motion.  And the cases are clear on that.

25    Your Honor, unless you have any questions, I think I'm

1    going to sit down and see what comes my way on rebuttal.

2          THE COURT:  Okay.  Thank you, Mr. Terry.

3          MR. MARLIN:  Your Honor, I intend to be brief, once I get

4    set back up here.

5    (Pause)

6          Your Honor, on behalf of SEA we made multiple

7    comments in our opening about technical issues and why it's

8    improper to put in a judgment against the wrong party,

9    especially a nearly eleven-million-dollar judgment against the

10   wrong party, because of a technical issue or procedural

11   gamesmanship.

12         We just heard it again.  We just heard it again:  They

13   waived everything; they can't tell you anything.  Oh, they

14   should have shown up.  So therefore, if they were there, they

15   would have known that we dropped the other party.  So they

16   couldn't do that at the time.  Well, they admitted everything,

17   so therefore, Your Honor, put on your blinders, act as though

18   it's not the wrong party.

19         What you did not hear them say is they sued the correct

20   party.  Everything that just got said, not one time did they say

21   and we even have any good faith reason to believe we sued

22   the correct party.  Not once.  And that matters.

23         Here's why it matters.  The supreme court, this is the

24   Green v. Green case.  I'm going to put up just a little piece of

25   it.  And Green v. Green is not our case, but it has some telling

51

1    parts to it.

2        This is part of Green v. Green.  During oral argument the

3    question was posed about why the final decree was taken

4    without notice to the adverse party.  That (indiscernible)

5    lawyer responded by saying in part that the law allowed the

6    procedure and he utilized -- that he utilized and that he had

7    every right to avail himself of the procedure.

8        The supreme court found this disturbing for various

9    reasons.  But they summed it up, in the highlighted parts

10    below, which was cited in our PowerPoint presentation, as well.

11        The court should not condone the refusal to act out of a

12    spirit of cooperation and civility and not fully out of a sense of

13    blind and unbridled advocacy.

14        The law requires attorneys, officers of the court, to make

15    a good faith effort to ensure that all parties to a controversy

16    have full and fair opportunity to be heard.

17        Once the contact was made, with the legal office, not a

18    lawyer, but the legal office of SEA, notification should have

19    been provided.

20        This is not a situation where a party is in default and

21    there's no contact.  This is a situation where contact has been

22    made, and a pretty serious piece of information -- you sued

23    the wrong person -- was provided.

24        I've already shown how easy it is to determine who the

25    correct party is.

1     Look over on page 38 of the slide, and I mentioned this
2     before.  Green v. Green the party without notification was not
3     in default, but in Melcher v. Melcher, the defendant was in
4     default for not filing an answer.  Melcher v. Melcher cites
5     Green and what I just put on the board.
6         Plaintiff's counsel was in contact with, at that point,
7     defense counsel here, a paralegal, and then plaintiff's counsel
8     scheduled a hearing without notice.  If you follow the principle
9     of the (indiscernible) supreme court, notice should have been
10    provided.
11        As I mentioned earlier, there was a conversation between
12    plaintiffs counsel and Mr. Sharples.  Go back to my timeline
13    here.
14        There's -- as I mentioned, there was some dispute as to
15    what was being said.  We have competing affidavits.  Mr.
16    Hunter says what he told Mr. Sharples.  Mr. Sharples says what
17    he said to Mr. Hunter, and vice versa.
18        I'm not calling anyone a liar.  I've known Mr. Hunter a
19    long time.  People remember things differently.  What I do
20    know is you look at both affidavits, and it's undisputed that
21    Mr. Sharples informed Mr. Hunter that he has sued the
22    incorrect party, and that SEA had nothing to do with the
23    batteries.
24        That part's not in dispute about their conversation.  None
25    of the rest of that conversation has much meaning.  Mr. Terry

53

1    had the RFAs already.  It doesn't really matter what Mr. Hunter

2    told him.  They -- everything is waived according to Mr. Terry.

3    What's the difference?

4         Here we're still talking about it's the wrong party and

5    plaintiffs counsel was put on notice.

6         What happens once they're put on notice?  Plaintiffs had a

7    duty to investigate and amend to name the proper corporate

8    entity.  They didn't do it.  They just didn't do it.

9         They have an obligation to amend the record, if they

10   know that something they've pled is false.  That duty continues

11   today.  They haven't done it.

12        None of this part here -- did not hear this mentioned by

13   Mr. Terry, and I understand why.  I think it's important for the

14   Court to know.  They've been told who the correct party is,

15   and because of the Covid extensions, the statute of limitations

16   has not run.

17        They can sue the correct party today.  That deadline is,

18   from our calculations -- I'm not telling them their deadline;

19   they've got to figure it out for themselves -- but we believe it's

20   around December 10th, this year.

21        So they can correct their mistake.  They can sue the

22   correct party.  Mr. Brewer can still have a day in court, with the

23   party that actually manufactured the battery.  Nothing is

24   stopping him, even right now.

25        All they have to do is swap out the names in the

54

1    complaint they already filed.  They can file the complaint

2    today.

3          Mr. Terry cited a case, 1985 supreme court case,

4    Cochran v. Corlin, and importantly that was about a waiver,

5    about waiving arguments.  But what Cochran v. Corlin did --

6    I'll just put it here.  It's a little fuzzy.  The supreme court in that

7    case, properly limited the trial to issues of damages.

8          We are, once again, running to first base.  Set aside the

9    judgment.  What happens when that occurs, we go back to a

10   trial on damages.

11         At that point, another motion could be made to open

12   default, but this motion takes us back to the need to have a

13   trial on damages.  That's what's properly before the Court.

14   That's the only motion before the Court.  There is no motion to

15   open default.

16         Procedurally, I don't believe we can until the judgment is

17   set aside.  So where we are today is set aside the judgment,

18   because it's the right thing to do.  The Court has the inherent

19   authority to do it.  That is a meritorious reason.  That is the

20   standard, which is why I have this board up.

21         This Court has preliminary control of its judgments.  It

22   may amend, correct, modify, supplement them to cause a

23   hearing to promote justice.

24         It's not just to keep an eleven-million-dollar against the

25   wrong party.

1        Mr. Terry also cited the Luke case, a court of appeals

2    case, that he put up.  It's a 1912 case.  Again that's just not the

3    current state of the law.

4        I have a board up here with Utilicom, and we have cited

5    Utilicom, as well as the prodigy of cases before it.  Utilicom

6    came; it was decided in July 2021.  Mr. Terry wants you to

7    ignore it and look at a standard from another court of appeals

8    case in 1912.

9        The law is clear.  The policy of our state is whenever

10    possible cases be decided on their merits.  Default judgment

11    is not favored.  Georgia law gives this trial court the discretion

12    to determine what constitutes a meritorious reason.

13        We've given this Court two very good meritorious

14    reasons here this morning.  Either of which is sufficient for this

15    Court to find that they're meritorious and that the judgment

16    should be set aside.

17        Your Honor, I don't know if Mr. Hughes has anything

18    additional.

19        MR. HUGHES:  I don't need to get up there.  I'm just going

20    to state for the record, I did hear some objections made to the

21    affidavits.  I wanted to touch further on that point.

22        We talked about the Cohran case briefly, and Mr. Marlin

23    appropriately pointed out that that dealt with a default

24    judgment scenario, where there was a damages hearing being

25    held and the defendant had raised an issue, claiming that the

1    court erred in not allowing the defendant to put up evidence
2    as to liability.
3            We're not dealing with the actual damages hearing here.
4    We're on a motion to set aside.
5            Same situation with Willis.  That was a default judgment
6    scenario.  And before I get into that, the Cohran case is a little
7    more interesting because that case involved a defendant
8    whose -- whose answer had been struck as a sanction.
9            There's a damages hearing that's held, and he doesn't
10   file a motion to set aside the judgment, rather he just simply
11   objects to the court not entertaining his liability arguments
12   and defenses.
13           So that is obviously a distinguishable set of facts from
14   what we're dealing with here.  Similarly the Willis v. Allstate
15   case, that was a damages hearing.  The defendant
16   participated in that hearing and raised an appeal later, saying
17   that he should have been entitled to introduce evidence as to
18   liability, and the same with Hooker.
19           Those are the three cases that were cited to that point in
20   the brief.  So if those are the basis for -- for -- for objecting
21   to your consideration and the Court's consideration of all of
22   the facts and circumstances, which relate to how we got here,
23   which are very, very, very relevant to the consideration of
24   whether this judgment should be set aside, then those
25   arguments fail, Your Honor.

1     We'll reserve closing.

2     THE COURT:  Okay.

3     MR. TERRY:  Your Honor, I need ten seconds.

4     THE COURT:  All right.

5     MR. TERRY:  Literally ten seconds.

6     THE COURT:  You've got it, Mr. Terry.

7     MR. TERRY:  Our objection to the affidavits was they

8     contradict the request for admissions that were admitted.  So

9     that's our objection to the affidavits.

10     Finally, you heard over and over Judge Fowler made this

11     mistake.  Judge Fowler didn't give notice.  Mr. Hunter didn't

12     give notice.  Judge Fowler entered too high a judgment.  Mr.

13     Hunter should have done this.

14     The one thing you didn't hear from Samsung, boy did we

15     mess up a whole lot, and that's undisputed that they did.  And

16     you know, when they say we'll tell you the right party only if

17     you dismiss your case, and we'll show you this affidavit, but

18     then they don't show us the affidavit, we're entitled to say, you

19     know what, we're going to rely on request for admission and

20     go forward.  Thank you.

21     THE COURT:  Thank you.

22     MR. MARLIN:  The only other thing I was going to show,

23     but you already the (indiscernible) like I said, there's a dispute

24     between Mr. Sharples and Mr. Hunter as to what was said.

25     What's not disputed is the notification provided you have the

58

1    wrong party.

2         I demonstrated through those Google searches, very

3    simply, it wasn't hard to figure out.  And Charming Shoppes

4    case says there's a duty to fully investigate and amend, when

5    you have the incorrect defendant.

6         That did not happen here.  Charming Shoppes is frankly

7    controlling and should be highly considered by this Court.

8    Thank you, Your Honor.

9         MR. TERRY:  And I really hate to talk again.  But in that

10   case there were not admitted requests for admission that

11   contradicted and said that Samsung was the right party.  We're

12   entitled to rely on that, because they are conclusive, as a

13   matter of law.  Thank you.

14        MR. HUGHES:  Your Honor, request for admission are

15   also subject to being set aside, as well.  Whether or not there

16   were requests to admit that were unresponded to, they were

17   served along with the answers, is not important for this Court's

18   consideration of what actually happened.

19        There's -- we've used procedure a lot and at the risk of -

20   - of you know, using that term again, once we get to that

21   point, we will certainly seek to have the request for admits --

22   request for admit set aside.  But it should not factor into this

23   Court's analysis as to whether it should set aside the judgment

24   itself.

25        THE COURT:  Okay.

1          MR. TERRY:  I'm not going to say anything.

2          THE COURT:  Thank you, Mr. Terry.

3          MR. TERRY:  Except we do have a proposed order.

4          THE COURT:  Well, that's what I was going to ask.  If

5    everyone, if you would like to submit proposed orders by

6    close of business Friday.

7          MR. TERRY:  I'm sorry, by when?

8          THE COURT:  Close of business Friday.

9          MR. MARLIN:  We'll submit ours by Word, through Ann.

10         THE COURT:  Okay.  Thank you very much.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

This is to certify that the foregoing 60 pages of typewritten material were taken down and transcribed by me and that the same contain a true and accurate transcript of the proceedings as stated in the caption.

I further certify that I am not of kin nor counsel to any of the parties hereto, nor am I an interested party to these proceedings.

This 25th day of October, 2021.

Cynthia Tanner, CCR
Certificate Number 2568
133 Montgomery Street, Room 511
Savannah, Georgia  31401

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of __Chatham__ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed __11/15/2021__ <br> **MM-DD-YYYY** | Case Number | STCV21-02153 |

**Plaintiff(s)**

Brewer, Jordan

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Samsung SDI Co., LTD.

Samsung SDI America, Inc.

SEV BERWICK STORE LLC

Hohm Tech, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** William J. Hunter **Bar Number** 141288 **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☑ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☑ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

STCV20-02285
**Case Number**        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                         **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JORDAN BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD., a Korean | ) |
| Corporation, SAMSUNG SDI AMERICA, | ) |
| INC., a California Corporation, SEV | ) |
| BERWICK STORE LLC d/b/a | ) |
| SOUTHEAST VAPES AND E-CIGS, a | ) |
| Georgia Limited Liability Company, | ) |
| HOHM TECH, INC., a California | ) |
| Corporation, JOHN DOES (A-Z), and | ) |
| ABC Inc. (1-100), | ) |
| | ) |
| Defendants. | ) |

Civil Action No.: STCV21-02153

### CERTIFICATE OF TIMELINESS

Plaintiff hereby certifies that this filing is timely submitted, taking into the account the tolling of the applicable statute of limitation as prescribed by the Order Declaring Statewide Judicial Emergency dated March 14, 2020.

THIS 15th day of November, 2021.

OLIVER MANER LLP

/s/ *William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: <u>STCV21-02153</u> |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 3.2 CERTIFICATION

Pursuant to U.S.C.R. 3.2, Counsel for Plaintiff hereby certifies that this pleading involves substantially the same parties or substantially the same factual issues as in *Jordan Brewer v. Samsung Electronics America, Inc.*, State Court of Chatham County, Georgia, Case No. STCV20-02285, which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

THIS 15th day of November, 2021.

OLIVER MANER LLP

<u>/s/ *William J. Hunter*</u>
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608
*Attorneys for Plaintiff*

218 West State Street
P.O. Box 10186
Savannah, GA 31412
T: (912) 236-3311

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,                          )
                                        )
    Plaintiff,                          )
                                        )                STCV21-02153
v.                                      )    Civil Action No.:_____
                                        )
SAMSUNG SDI CO., LTD., a Korean         )
Corporation, SAMSUNG SDI AMERICA,       )
INC., a California Corporation, SEV     )
BERWICK STORE LLC d/b/a                 )
SOUTHEAST VAPES AND E-CIGS, a           )
Georgia Limited Liability Company,      )
HOHM TECH, INC., a California           )
Corporation, JOHN DOES (A-Z), and       )
ABC Inc. (1-100),                       )
                                        )
    Defendants.                         )

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

Hohm Tech, Inc.
c/o Registered Agent, Benjamin Ramalho
13921 Sycamore Way
Chino, California 91710

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2021.

Clerk of State Court of Chatham County

By: ___/s/ Moneisha Green_____

                                   Deputy Clerk

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: __STCV21-02153__ |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

Samsung SDI America, Inc.
c/o Registered Agent, CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2021.

Clerk of State Court of Chatham County

By: __/s/ Moneisha Green__

Deputy Clerk

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,              )
                                 )
        Plaintiff,           )
                                 )               STCV21-02153
v.                           )     Civil Action No.:_____
                                 )
SAMSUNG SDI CO., LTD., a Korean   )
Corporation, SAMSUNG SDI AMERICA,  )
INC., a California Corporation, SEV    )
BERWICK STORE LLC d/b/a         )
SOUTHEAST VAPES AND E-CIGS, a    )
Georgia Limited Liability Company,     )
HOHM TECH, INC., a California        )
Corporation, JOHN DOES (A-Z), and    )
ABC Inc. (1-100),                   )
                                 )
        Defendants.        )

## **SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

Samsung SDI Co., Ltd.
150-20 Gongse-ro Giheung-gu Yougin, South Korea

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2021.

                         Clerk of State Court of Chatham County

                         /s/ Moneisha Green
                By: _____
                             Deputy Clerk

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ STCV21-02153 |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**

SEV Berwick Store, LLC
c/o Registered Agent, Rodney Bryant
528 Martin Luther King, Jr. Boulevard, #1
Savannah, Georgia 31401

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2021.

Clerk of State Court of Chatham County

By: _____ /s/ Moneisha Green _____

Deputy Clerk

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Civil Action No.: STCV21-02153
                                        )
SAMSUNG SDI CO., LTD., a Korean         )
Corporation, SAMSUNG SDI AMERICA,       )
INC., a California Corporation, SEV     )
BERWICK STORE LLC d/b/a                 )
SOUTHEAST VAPES AND E-CIGS, a           )
Georgia Limited Liability Company,      )
HOHM TECH, INC., a California           )
Corporation, JOHN DOES (A-Z), and       )
ABC Inc. (1-100),                       )
                                        )
        Defendants.                     )

### PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Jordan Brewer, the Plaintiff in the above-styled action, and move the Court to

specially appoint JPL Process Service, LLC and/or any duly selected process server of JPL Process

Service, LLC who is a citizen of the United States, is not party to this action, and is over eighteen (18)

years of age, to serve process in this case upon Defendant Hohm Tech, Inc.

Wherefore, Plaintiff respectfully requests that his Motion be ***GRANTED***.  A proposed order is

attached hereto for the Court's consideration and convenience.

THIS 15th day of November, 2021.

                                        OLIVER MANER LLP

                                         /s/ *William J. Hunter*
                                        WILLIAM J. HUNTER
                                        Georgia Bar No. 141288
                                        GEORGE T. MAJOR, JR.
218 West State Street                   Georgia Bar No. 619608
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311                          *Attorneys for Plaintiff*

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: STCV21-02153 |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

BEFORE THE COURT is the Plaintiff's Motion to Appoint Special Process Server;

IT IS HEREBY ORDERED that JPL Process Service, LLC and/or any duly selected process server of JPL Process Service, LLC who is a citizen of the United States, who is not a party to this action, is over eighteen (18) years of age, are hereby specially appointed by the Court to serve process. The appointed individuals are hereby authorized to personally serve Hohm Tech, Inc. with the Summons, Complaint, and any associated documents.

*SO ORDERED, THIS ___ DAY OF _____, 2021.*

_____
Judge, State Court of Chatham County

Order prepared by:
George T. Major, Jr.
Georgia Bar No. 619608
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Brian A. Hart* - Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: STCV21-02153 |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER**

COMES NOW Jordan Brewer, the Plaintiff in the above-styled action, and move the Court to specially appoint One Legal, Inc. and/or any duly selected process server of One Legal, Inc., who is a citizen of the United States, is not party to this action, and is over eighteen (18) years of age, to serve process in this case upon Defendant Samsung SDI America, Inc.

Wherefore, Plaintiff respectfully requests that his Motion be ***GRANTED***. A proposed order is attached hereto for the Court's consideration and convenience.

THIS 15th day of November, 2021.

OLIVER MANER LLP

 /s/ *William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: STCV21-02153 |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

BEFORE THE COURT is the Plaintiff's Motion to Appoint Special Process Server;

IT IS HEREBY ORDERED that One Legal, Inc. and/or any duly selected process server of One Legal, Inc. who is a citizen of the United States, who is not a party to this action, is over eighteen (18) years of age, are hereby specially appointed by the Court to serve process. The appointed individuals are hereby authorized to personally serve Samsung SDI America, Inc. with the Summons, Complaint, and any associated documents.

*SO ORDERED, THIS ___ DAY OF _____, 2021.*

_____
Judge, State Court of Chatham County

Order prepared by:
George T. Major, Jr.
Georgia Bar No. 619608
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. ON 11/30/2021 3:35 PM    Case 4:21-cv-00355-RSB-CLR   Document 1-3   Filed 12/16/21   Page 96 of 119

*Brian K. Hart* - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Civil Action No.: STCV21-02153
                                        )
SAMSUNG SDI CO., LTD., a Korean         )
Corporation, SAMSUNG SDI AMERICA,       )
INC., a California Corporation, SEV     )
BERWICK STORE LLC d/b/a                 )
SOUTHEAST VAPES AND E-CIGS, a           )
Georgia Limited Liability Company,      )
HOHM TECH, INC., a California           )
Corporation, JOHN DOES (A-Z), and       )
ABC Inc. (1-100),                       )
                                        )
        Defendants.                     )

### PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Jordan Brewer, the Plaintiff in the above-styled action, and move the Court to

specially appoint Judicial Process & Support, Inc. and/or any duly selected process server of Judicial

Process & Support, Inc. who is a citizen of the United States, is not party to this action, and who is over

eighteen (18) years of age, to serve process in this case upon the Central Authority of the Republic of

Korea, pursuant to the Hague Convention who will, in turn, serve Defendant Samsung SDI Co., LTD.

Wherefore, Plaintiff respectfully requests that his Motion be ***GRANTED***.  A proposed order is

attached hereto for the Court's consideration and convenience.

THIS 15th day of November, 2021.

OLIVER MANER LLP
 /s/ *William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

JORDAN BREWER,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )       Civil Action No.: <u>STCV21-02153</u>
                                                 )
SAMSUNG SDI CO., LTD., a Korean                  )
Corporation, SAMSUNG SDI AMERICA,                )
INC., a California Corporation, SEV              )
BERWICK STORE LLC d/b/a                          )
SOUTHEAST VAPES AND E-CIGS, a                     )
Georgia Limited Liability Company,               )
HOHM TECH, INC., a California                     )
Corporation, JOHN DOES (A-Z), and                )
ABC Inc. (1-100),                                )
                                                 )
        Defendants.                              )

## <u>ORDER</u>

BEFORE THE COURT is the Plaintiff's Motion to Appoint Special Process Server;

IT IS HEREBY ORDERED that Judicial Process & Support, Inc. and/or any duly selected process server of Judicial Process & Support, Inc. who is a citizen of the United States, who is not a party to this action, is over eighteen (18) years of age to serve process in this case upon the Central Authority of the Republic of Korea, pursuant to the Hague Convention who will, in turn, serve Defendant Samsung SDI Co., LTD. The appointed individuals are hereby authorized to personally serve the Central Authority of the Republic of Korea, pursuant to the Hague Convention, who will serve Samsung SDI Co., LTD. with the Summons, Complaint, and any associated documents.

*SO ORDERED, THIS \_\_\_ DAY OF _____, 2021.*

_____

Order prepared by:                               Judge, State Court of Chatham County
George T. Major, Jr.
Georgia Bar No. 619608
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,          )
                             )
      Plaintiff,        )
                             )
v.                           )     Civil Action No.: STCV21-02153
                             )
SAMSUNG SDI CO., LTD., a Korean  )
Corporation, SAMSUNG SDI AMERICA,  )
INC., a California Corporation, SEV  )
BERWICK STORE LLC d/b/a  )
SOUTHEAST VAPES AND E-CIGS, a  )
Georgia Limited Liability Company,  )
HOHM TECH, INC., a California  )
Corporation, JOHN DOES (A-Z), and  )
ABC Inc. (1-100),  )
                             )
      Defendants.      )

## <u>NOTICE OF FILING</u>

COMES NOW Plaintiff Jordan Brewer and files the following with the Court:

1.  Proof of Service on Defendant Hohm Tech, Inc., a California Corporation.

This 30th day of November, 2021.

OLIVER MANER LLP

 /s/ *William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: STCV21-02153 |
| | ) | |
| SAMSUNG SDI CO., LTD., a Korean | ) | |
| Corporation, SAMSUNG SDI AMERICA, | ) | |
| INC., a California Corporation, SEV | ) | |
| BERWICK STORE LLC d/b/a | ) | |
| SOUTHEAST VAPES AND E-CIGS, a | ) | |
| Georgia Limited Liability Company, | ) | |
| HOHM TECH, INC., a California | ) | |
| Corporation, JOHN DOES (A-Z), and | ) | |
| ABC Inc. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

COMES NOW Plaintiff Jordan Brewer and files the following with the Court:

1. Proof of Service on Defendant SEV Berwick, Store, LLC d/b/a Southeast Vapes and E-Cigs, a Georgia Limited Liability Company.

This 22nd day of November, 2021.

OLIVER MANER LLP

 /s/ *William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,                          )
                                        )
      Plaintiff,                     )
                                        )
v.                                      )    Civil Action No.: STCV21-02153
                                        )
SAMSUNG SDI CO., LTD., a Korean         )
Corporation, SAMSUNG SDI AMERICA,       )
INC., a California Corporation, SEV     )
BERWICK STORE LLC d/b/a                 )
SOUTHEAST VAPES AND E-CIGS, a           )
Georgia Limited Liability Company,      )
HOHM TECH, INC., a California           )
Corporation, JOHN DOES (A-Z), and       )
ABC Inc. (1-100),                       )
                                        )
      Defendants.                    )

## NOTICE OF FILING

COMES NOW Plaintiff Jordan Brewer and files the following with the Court:

1.  Proof of Service on Defendant Samsung SDI America, Inc., a California Corporation.

This 19th day of November, 2021.

OLIVER MANER LLP

 /s/ *William J. Hunter*_____
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Plaintiff*

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,                          )
                                        )
    Plaintiff,                      )
                                        )
v.                                      )    Civil Action No.: STCV21-02153
                                        )
SAMSUNG SDI CO., LTD., a Korean         )
Corporation, SAMSUNG SDI AMERICA,       )
INC., a California Corporation, SEV     )
BERWICK STORE LLC d/b/a                 )
SOUTHEAST VAPES AND E-CIGS, a           )
Georgia Limited Liability Company,      )
HOHM TECH, INC., a California           )
Corporation, JOHN DOES (A-Z), and       )
ABC Inc. (1-100),                       )
                                        )
    Defendants.                     )

## ORDER

BEFORE THE COURT is the Plaintiff's Motion to Appoint Special Process Server;

IT IS HEREBY ORDERED that One Legal, Inc. and/or any duly selected process server of One

Legal, Inc. who is a citizen of the United States, who is not a party to this action, is over eighteen (18)

years of age, are hereby specially appointed by the Court to serve process. The appointed individuals are

hereby authorized to personally serve Samsung SDI America, Inc. with the Summons, Complaint, and

any associated documents.

*SO ORDERED, THIS* 15 *DAY OF* November, *2021.*

_____
Judge, State Court of Chatham County

Order prepared by:
George T. Major, Jr.
Georgia Bar No. 619608
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JORDAN BREWER,                               )
                                             )
          Plaintiff,                         )
                                             )
v.                                           )     Civil Action No.: STCV21-02153
                                             )
SAMSUNG SDI CO., LTD., a Korean              )
Corporation, SAMSUNG SDI AMERICA,            )
INC., a California Corporation, SEV          )
BERWICK STORE LLC d/b/a                      )
SOUTHEAST VAPES AND E-CIGS, a                )
Georgia Limited Liability Company,           )
HOHM TECH, INC., a California                )
Corporation, JOHN DOES (A-Z), and            )
ABC Inc. (1-100),                            )
                                             )
          Defendants.                        )

### ORDER

BEFORE THE COURT is the Plaintiff's Motion to Appoint Special Process Server;

IT IS HEREBY ORDERED that JPL Process Service, LLC and/or any duly selected process server of JPL Process Service, LLC who is a citizen of the United States, who is not a party to this action, is over eighteen (18) years of age, are hereby specially appointed by the Court to serve process. The appointed individuals are hereby authorized to personally serve Hohm Tech, Inc. with the Summons, Complaint, and any associated documents.

*SO ORDERED, THIS* 15 *DAY OF* November *, 2021.*

_____
Judge, State Court of Chatham County

Order prepared by:
George T. Major, Jr.
Georgia Bar No. 619608
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JORDAN BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.: STCV21-02153 |
| | ) |
| SAMSUNG SDI CO., LTD., a Korean | ) |
| Corporation, SAMSUNG SDI AMERICA, | ) |
| INC., a California Corporation, SEV | ) |
| BERWICK STORE LLC d/b/a | ) |
| SOUTHEAST VAPES AND E-CIGS, a | ) |
| Georgia Limited Liability Company, | ) |
| HOHM TECH, INC., a California | ) |
| Corporation, JOHN DOES (A-Z), and | ) |
| ABC Inc. (1-100), | ) |
| | ) |
| Defendants. | ) |

## ORDER

BEFORE THE COURT is the Plaintiff's Motion to Appoint Special Process Server;

IT IS HEREBY ORDERED that Judicial Process & Support, Inc. and/or any duly selected process server of Judicial Process & Support, Inc. who is a citizen of the United States, who is not a party to this action, is over eighteen (18) years of age to serve process in this case upon the Central Authority of the Republic of Korea, pursuant to the Hague Convention who will, in turn, serve Defendant Samsung SDI Co., LTD. The appointed individuals are hereby authorized to personally serve the Central Authority of the Republic of Korea, pursuant to the Hague Convention, who will serve Samsung SDI Co., LTD. with the Summons, Complaint, and any associated documents.

*SO ORDERED, THIS* 15 *DAY OF* November, *2021.*

_____
Judge, State Court of Chatham County

Order prepared by:
George T. Major, Jr.
Georgia Bar No. 619608
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
WILLIAM J. HUNTER SBN: 141288
OLIVER MANER LLP
218 W State St   Savannah, GA 314013232

TELEPHONE NO.: (912) 236-3311 | FAX NO. (912) 236-8725 | E-MAIL ADDRESS (Optional): ahynes@olivermaner.com

ATTORNEY FOR (Name):

**IN THE SUPERIOR COURT OF CHATHAM COUNTY STATE OF GEORGIA**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE: , GA

BRANCH NAME: CHATHAM

| Hearing Date: | Room: |
| Hearing Time: | Dept: |

PLAINTIFF:  JORDAN BREWER

DEFENDANT:  SAMSUNG SDI CO., LTD., A KOREAN CORPORATION, ET AL.

CASE NUMBER:  **STCV21-02153**

| **PROOF OF SERVICE** | Ref. No. or File No.: |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I **SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**SUMMONS X 4; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM;
CERTIFICATE OF TIMELINESS; RULE 3.2 CERTIFICATION; PLAINTIFF'S MOTION TO APPOINT SPECIAL
PROCESS SERVER X 3; ORDER X 6; COMPLAINT**

PARTY SERVED:   **HOHM TECH, INC.**

PERSON SERVED:   **BENJAMIN RAMALHO - AGENT FOR SERVICE**

BY LEAVING WITH:   **JOHN DOE - EMPLOYEE**

DATE & TIME OF DELIVERY:   **11/22/2021
4:56 PM**

DDRESS, CITY, AND STATE:   **13921 Sycamore Way
Chino, CA 91710**

PHYSICAL DESCRIPTION:   **Age: 30'S        Weight: SITTING        Hair: HATR/ BALD
Sex: Male        Height: SITTING        Race: CAUCASIAN**

ANNER OF SERVICE:

**Substituted Service - By leaving the copies with or in the presence of JOHN DOE a person at least 18 years of
age apparently in charge at the office or usual place of business of the person served.  I informed him/her of the
general nature of the papers.  I thereafter mailed the copies to the person served, addressed as shown in above
address, by first-class mail, postage prepaid, on from WESTMINSTER, CA.**

Fee for Service: $ 125.00
    Registration No.: PS-001999
    County:  RIVERSIDE
    JPL PROCESS SERVICE, LLC
    14482 BEACH BLVD. STE X
    WESTMINSTER, CA 92683
    (866) 754-0520

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  November 22, 2021.

Signature: _____
        ERNESTO GOMEZ

**PROOF OF SERVICE**

Order#: 177180C/General

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
WILLIAM J. HUNTER, SBN: 141288
OLIVER MANER LLP
218 W State St
Savannah, GA 314013232
TELEPHONE No.: (912) 236-3311
FAX No. (Optional): (912) 236-8725
E-MAIL ADDRESS (Optional): ahynes@olivermaner.com

Attorney for:

Ref No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
IN THE SUPERIOR COURT OF CHATHAM COUNTY STATE OF GEORGIA - CHATHAM

Plaintiff: JORDAN BREWER

Defendant: SAMSUNG SDI CO., LTD., A KOREAN CORPORATION, ET AL.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>STCV21-02153 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS X 4; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; CERTIFICATE OF TIMELINESS; RULE 3.2 CERTIFICATION; PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER X 3; ORDER X 6; COMPLAINT;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at WESTMINSTER, CA, California, addressed as  follows:

   a. Date of Mailing:
   b. Place of Mailing:          WESTMINSTER, CA,
   c. Addressed as follows:    HOHM TECH, INC.
                              13921 Sycamore Way
                              Chino, CA 91710-7025

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at WESTMINSTER, CA, California in the ordinary course of  business.

Fee for Service: $ 125.00
JPL PROCESS SERVICE, LLC
14482 BEACH BLVD. STE X
WESTMINSTER, CA 92683
(866) 754-0520

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 11/22/2021.

Signature: _____

**JEFF LANCASTER**

## PROOF OF SERVICE BY MAIL

Order#: 177180C/mailproof

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | |
|---|---|---|---|
| WILLIAM J. HUNTER, 141288<br>OLIVER MANER LLP<br>218 West State Street<br>Savannah , GA 31401 | | 912-236-3311 | Brianna Holt, Clerk of Court<br>21 JUN 03 AM 8:46 |
| ATTORNEY FOR (Name): Plaintiff | | Ref. No. or File No.<br>16154-1 Brewer | |

Insert name of court, judicial district or branch court, if any:

Chatham County Superior Court
133 Montgomery Street
Savannah, GA 31401

PLAINTIFF:

JORDAN BREWER

DEFENDANT:

SAMSUNG SDI CO., LTD., et al.

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>STCV21-02153 |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Complaint, Summons

2. Party Served: SAMSUNG SDI AMERICA, INC., a California Corporation

3. Person Served: CT Corp - Jessie Gastelum, Process Specialist - Person Authorized to Accept Service of Process

4. Date & Time of Delivery: 11/17/2021       12:45PM

5. Address, City and State: 330 N Brand Blvd, STE 700
Glendale. CA 91203

6. Manner of Service: Personal Service - By personally delivering copies.

Fee for Service: $ 40

Registered California process server.
County: Los Angeles
Registration No.: 4553
Jimmy Lizama
One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 11/17/2021 at Petaluma, California.

Signature: _____
Jimmy Lizama

OL# 17233720

RECEIVED FOR FILING 4:21-cv-00355-RSB-CLR CHATHAM CO. 11/22/2021 1:20 PM _Briana A. Hart_ - Clerk of Court

# AFFIDAVIT OF SERVICE

| Case:<br>STCV21-02153 | Court:<br>State | County:<br>Chatham, GA | Job:<br>6379128 |
|---|---|---|---|

| Plaintiff / Petitioner:<br>JORDAN BREWER | Defendant / Respondent:<br>SAMSUNG SDI CO. LTD, a Korean Corporation, SAMSUNG SDI AMERICA, INC. a California Corporation, SEV BERWICK STORE d/b/a SOUTHEAST VAPES ABD E-CIGS, a Georgia Limited Liability Company, HOHM TECH, INC. a California Corporation, JOHN DOES (A-Z) and ABC Inc. (1-100) |
|---|---|

| Received by:<br>Ortiz & Associates, Inc. | For:<br>Oliver Maner LLP of Savannah GA |
|---|---|

| To be served upon:<br>SEV Berwick Store, LLC c/o Registered Agent, Rodney Bryant |
|---|

I, Joseph Ortiz, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** SEV Berwick trough it's Registered Agent Rodney Bryant, COMPANY: 528 MARTIN LUTHER KING JR BLVD # 1, SAVANNAH, GA 31401-4881

**Manner of Service:** Registered Agent, Nov 19, 2021, 2:14 pm EST

**Documents:** Compliant for Damages and Demand for Jury Trial with Exhibit of Motion Hearing Transcript; New Civil Case Filing Form; Certificate of Timeliness; Rule 3.2 Certification; Summons for Each Defendant; Plaintiff's Motion to Appoint Special Process Server for Defendant Hohm Tech, Inc.; Samsung SDI Co., LTD., a Korean Corporation; Samsung SDI America, Inc., a California Corporation; and Orders Granting Motions to Appoint Speical Process Server. (Received Nov 19, 2021 at 1:05pm EST)

**Additional Comments:**

1) Successful Attempt: Nov 19, 2021, 2:14 pm EST at COMPANY: 528 MARTIN LUTHER KING JR BLVD # 1, SAVANNAH, GA 31401-4881 received by SEV Berwick trough it's Registered Agent Rodney Bryant. Age: 40s; Ethnicity: African American; Gender: Male; Weight: 170; Height: 5'11"; Hair: Black; Eyes: Brown;

Joseph Ortiz    11-22-2021
Date

Ortiz & Associates, Inc.
P.O. Box 195
Savannah, GA 31402
9126580972

_Subscribed and sworn to before me by the affiant who is personally known to me._

Rebecca J. Ortiz
Notary Public

11-22-2021    02-25-2025
Date    Commission Expires

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JORDAN BREWER**, | |
| *Plaintiff*, | |
| v. | *Civil Action No.* STCV21-02153 |
| **SAMSUNG SDI CO., LTD.**, a Korean Corporation, **SAMSUNG SDI AMERICA, INC.**, a California Corporation, **SEV BERWICK STORE LLC d/b/a SOUTHEAST VAPES AND E-CIGS**, a Georgia Limited Liability Company, **HOHMTECH, INC.**, a California Corporation, **JOHN DOES (A-Z)**, and **ABC Inc. (1-100)**, | |
| *Defendants*. | |

## ANSWER OF DEFENDANT SEV BERWICK STORE LLC D/B/A SOUTHEAST VAPES AND E-CIGS, A GEORGIA LIMITED LIABILITY COMPANY

**NOW COMES** Sev Berwick Store LLC d/b/a Southeast Vapes and E-Cigs, a Georgia Limited Liability Company (hereinafter referred to as "Defendant") and files its Answer to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Plaintiff's claim is barred by the statue of limitations.

### SECOND DEFENSE

Defendant answers the numbered paragraphs of the Plaintiff's Complaint as follows:

1.      Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 1.

2.    Defendant incorporates herein by reference its defenses to the Plaintiff's Complaint and its answer to paragraph 1.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.    Defendant denies the allegation that it operates a retail location doing business under the name Southeast Vapes and E-Cigs at 50 Berwick

Boulevard, Savannah, Georgia 31419. Defendant admits the remaining allegations of paragraph 12.

13.　　Defendant admits the allegation that it was in the business of supplying, selling, importing, and/or distributing electronic cigarettes ("E-Cigarette" and/or "E-Cig") vaporizers and components parts used by consumers in Georgia to inhale nicotine-infused vapor. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13.

14.　　Defendant admits the allegation that it is subject to the jurisdiction of this Court because it is a Georgia registered Limited Liability Corporation that conducted its business within the confines of Chatham County. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.

15.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.     Defendant incorporates herein by reference its defenses to the Plaintiff's Complaint and its answers to paragraphs 1 through 23.

25.     Defendant admits the allegations of paragraph 25.

26.     Defendant denies any express or implied allegation that it currently engages in selling e-cigarettes and their components to consumers. Defendant admits the remaining allegations of paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     Defendant is without knowledge or information sufficient to form a belief

RECEIVED FOR FILING, SUPERIOR COURT, CHATHAM CO., 12/13 PM Brian A. Hart - Clerk of Court

as to the truth of the allegations of paragraph 31.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph37.

38.    Defendant denies the allegations of paragraph 38.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.    Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 43.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.     Defendant denies the allegations of paragraph 53.

54.     Defendant denies the allegations of paragraph 54.

55.     Defendant denies the allegations of paragraph 55.

56.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 56.

57.     Defendant incorporates herein by reference its defenses to the Plaintiff's

Complaint and its answers to paragraphs 1 through 56.

58.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 58.

59.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 59.

60.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 60.

61.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 61.

62.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 62.

63.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 63.

64.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 64.

65.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 65.

66.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 66.

67.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 67.

68.     Defendant denies the allegations of paragraph 68.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73.     Defendant incorporates herein by reference its defenses to the Plaintiff's Complaint and its answers to paragraphs 1 through 72.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     Defendant incorporates herein by reference its defenses to the Plaintiff's Complaint and its answers to paragraphs 1 through 80.

82.     Defendant denies the allegations of paragraph 82.

83.     Defendant denies the allegations of paragraph 83.

84.     Defendant denies the allegations of paragraph 84.

85.     Defendant denies the allegations of paragraph 85.

86.     Defendant denies the allegations of paragraph 86.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87.

88.     Defendant denies the allegations of paragraph 88.

89.     Defendant denies the allegations of paragraph 89.

90.     Defendant denies the allegations of paragraph 90.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94.

95.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 95.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97.

98.     Defendant incorporates herein by reference its answers to paragraphs 1 through 97.

99.     Defendant denies the allegations of paragraph 99 directed against it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99.

100.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101.

102.    Defendant denies the allegations of paragraph 102.

103.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104.    Defendant denies the allegations of paragraph 104.

105.    Defendant incorporates herein by reference its answers to paragraphs 1 through 104.

106.    Defendant denies the allegations of paragraph 106.

107.    Defendant denies the allegations of paragraph 107.

108.    Defendant denies the allegations of paragraph 108.

109.    Defendant denies the allegations of paragraph 109.

Defendant denies all allegations of Plaintiff's Complaint not previously admitted,

denied, or neither admitted nor denied for lack of knowledge or information sufficient to

form a belief as to the truth of the allegations.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant prays to

be dismissed without costs and have such other and further relief as the Court deems

just and proper.

This _14_ day of December, 2021.

_____
G. Mason White
State Bar No. 754581
*Attorney for Defendant Sev Berwick Store LLC*
*d/b/a Southeast Vapes and E-Cigs, a Georgia*
*Limited Liability Company in:*
*Jordan Brewer v. Samsung SDI Co., LTD., a*
*Korean Corporation, Samsung SDI America,*
*Inc., a California Corporation, Sev Berwick*
*Store LLC d/b/a Southeast Vapes and E-Cigs,*
*a Georgia Limited Liability Company,*
*Hohmtech, Inc., a California Corporation, John*
*Does (A-Z), and ABC Inc. (1-100)*
State Court, Chatham County, Georgia
Civil Action No. STCV21-02153
(Answer of Defendant *Sev Berwick Store LLC*
*d/b/a Southeast Vapes and E-Cigs, a Georgia*
*Limited Liability Company*)

**BRENNAN, HARRIS & ROMINGER LLP**
Post Office Box 2784
Savannah, GA  31402
Telephone:    (912) 233-3399
Facsimile:    (912) 236-4558
Email:        gmw@bhrlegal.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties in the foregoing matter with a copy of this document by depositing in the United State Mail a copy of same in a properly addressed envelope to:

William J. Hunter, Esq.
George T. Major, Jr., Esq.
Oliver Maner LLP
P. O. Box 10186
Savannah, Georgia 31412

Todd M. Baiad, Esq.
Bouhan Falligant LLP
One West Park Avenue
Savannah, GA 31401

Hohm Tech, Inc.
Benjamin Ramalho, Reg. Agent
13921 Sycamore Way
Chino, California 91710

This _14_ day of December, 2021.

_____
G. Mason White
State Bar No. 754581
*Attorney for Defendant Sev Berwick Store LLC d/b/a Southeast Vapes and E-Cigs, a Georgia Limited Liability Company in:*
*Jordan Brewer v. Samsung SDI Co., LTD., a Korean Corporation, Samsung SDI America, Inc., a California Corporation, Sev Berwick Store LLC d/b/a Southeast Vapes and E-Cigs, a Georgia Limited Liability Company, Hohmtech, Inc., a California Corporation, John Does (A-Z), and ABC Inc. (1-100)*
State Court, Chatham County, Georgia
Civil Action No. STCV21-02153
(Certificate of Service - Answer of Defendant *Sev Berwick Store LLC d/b/a Southeast Vapes and E-Cigs, a Georgia Limited Liability Company*)

**BRENNAN, HARRIS & ROMINGER LLP**
Post Office Box 2784
Savannah, GA 31402
Telephone: (912) 233-3399
Facsimile: (912) 236-4558
Email: gmw@bhrlegal.com
F:\SF\Sev Berwick, LLC\STCV21-02153\Answer.wpd