UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JORDAN BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-355 |
| | ) |
| SAMSUNG SDI CO., LTD., | ) |
| SAMSUNG SDI AMERICA, INC., | ) |
| SEV BERWICK STORE LLC, | ) |
| HOHM TECH, INC., JOHN DOES | ) |
| (A-Z), and ABC INC. (1-100), | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the parties' Joint Motion to Stay Case. Doc. 13. In the joint motion, the parties indicate that Plaintiff has secured a default judgment against an entity, not a party to this case, in the State Court of Chatham County, Georgia. *Id.* at 1-3; *see also id.* at 3, n.1. The parties explain that the default judgment is currently being challenged in state court and that the outcome of that challenge "will play a significant role in whether and how the instant case proceeds." *Id.* at 3. Significantly, the state court's determination of the underlying default judgment, "may render this case moot." *Id.* at 2.

1

The Eleventh Circuit has recognized that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Comms., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *see also, e.g.*, *Standard Ins. Co. v. Riley*, 2020 WL 8881744, at * 1 (S.D. Ga. July 20, 2020). However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo*, 221 F. 3d at 1264.

As this Court noted in *Standard Insurance Company*, an otherwise unlimited stay pending disposition of a state court proceeding is impermissibly "immoderate." *Standard Ins. Co.*, 2020 WL 8881744, at *2. Here, as there, the parties do not propose any specific limitation of the stay, do not provide any detailed information concerning the procedural posture of the underlying action, and do not include any estimate of the time for its disposition. *See generally* doc. 13. Nevertheless, the Court agrees that *some* stay of these proceedings is warranted to avoid unnecessary expenditure of the parties' and the Court's resources. *Cf.* Fed. R. Civ. P. 1. Accordingly, the motion is

**GRANTED, in part**, and **DENIED, in part**.  Doc. 13.  This case is **STAYED** pending a ruling by the state court on the challenge to the default judgment.  No later than one hundred and eighty days from the date of this Order or fourteen days after the state court enters a ruling on the default judgment, whichever is earlier, the parties are **DIRECTED** to confer and submit a status report.  If appropriate, the status report should include the information otherwise required by Federal Rule of Civil Procedure 26(f) and the Court's Rule 26(f) Order, doc. 2.  If the state court dispute has not been resolved within one hundred and eighty days, the parties' joint status report may include a request that the stay be extended.  Any such request should include the parties' best estimate as to when that dispute might be resolved.

As agreed by the parties, the deadline for any party to serve an answer, or other responsive pleading, is **STAYED**.  The deadline for any such filing is extended until twenty-one days after the stay is lifted.  Although it appears that the only defendant who has not been served is likely not subject to the deadline for service, *see* doc. 1 at 2-3, that deadline, to the extent that it applies, *is not stayed*.  *See* Fed. R. Civ. P.

4(m).¹ To the extent that the parties are able to take reasonable steps to serve the foreign entity during the pendency of the stay, they are encouraged to do so.

**SO ORDERED**, this 6th day of January, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

¹ The parties' motion argues that "this petition for a stay does not prejudice [Defendant SDIA's] right to assert [a personal jurisdiction] defense, or any other defense under Rule 12(b)." Doc. 13 at 3. The parties' proposed order also seeks an explicit recognition of that assertion, generalized to "[a]ny Defendant that has not yet answered . . . ." Doc. 13-1 at 1. Since no party has asserted that any defense is waived, an express determination that no waiver has occurred would appear to be an inappropriate advisory opinion. The Court cannot opine on the validity of a hypothetical waiver argument. *Cf. Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981) ("Needless to say, . . . decisionmakers would benefit greatly by having guidance as to the potential legal ramifications of their decisions. Furnishing such guidance prior to the making of the decision, however, is the role of counsel, not the courts."). To the extent that the parties have reached an agreement that plaintiff will not assert such an argument and wish to memorialize that agreement, a Court order is not the appropriate method for doing so.