## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JORDAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-355 |
| | ) | |
| SAMSUNG SDI CO., LTD., | ) | |
| SAMSUNG SDI AMERICA, INC., | ) | |
| SEV BERWICK STORE LLC, | ) | |
| HOHM TECH, INC., JOHN DOES | ) | |
| (A-Z), and ABC INC. (1-100), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the parties' Joint Motion to Stay Case.  Doc. 13. In the joint motion, the parties indicate that Plaintiff has secured a default judgment against an entity, not a party to this case, in the State Court of Chatham County, Georgia.  *Id.* at 1-3; *see also id.* at 3, n.1.  The parties explain that the default judgment is currently being challenged in state court and that the outcome of that challenge "will play a significant role in whether and how the instant case proceeds."  *Id.* at 3. Significantly, the state court's determination of the underlying default judgment, "may render this case moot."  *Id.* at 2.

1

The Eleventh Circuit has recognized that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Comms., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *see also, e.g.*, *Standard Ins. Co. v. Riley*, 2020 WL 8881744, at * 1 (S.D. Ga. July 20, 2020). However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo*, 221 F. 3d at 1264.

As this Court noted in *Standard Insurance Company*, an otherwise unlimited stay pending disposition of a state court proceeding is impermissibly "immoderate." *Standard Ins. Co.*, 2020 WL 8881744, at *2. Nevertheless, the Court agrees that *some* stay of these proceedings is warranted to avoid unnecessary expenditure of the parties' and the Court's resources. *Cf.* Fed. R. Civ. P. 1. For that reason, the Court stayed this case "pending a ruling by the state court on the challenge to the default judgment." Doc. 15.

On February 3, 2022, the Court held a status conference with the parties to discuss a possible continuance of the stay. *See* doc. 22 (Minute

Entry).  The parties represented that, although the state court action is proceeding, motions practice related to the default judgment is ongoing. They requested that the stay be continued until the status of the default judgment has been determined.  Based on the parties' representation, and their mutual agreement, the Court finds that there is good cause to continue the stay.

Accordingly, all deadlines in this case are **STAYED** until August 3, 2022.  The parties are **DIRECTED** to confer and file a joint notice no later than 90 days from the date of this Order and provide the Court with a brief summary of the procedural posture of the state court case. Additionally, no later than 14 days from the disposition of any motion by the state court related to the default judgment, the parties are **DIRECTED** to file a notice attaching a copy of the state court's disposition and stating whether, given that disposition, the stay should lift.

**SO ORDERED**, this 8th day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3